Elizabeth J. DYCHE, Respondent,

v.

William E. DYCHE, Defendant,

and

General Motors Corporation,
Garnishee-Appellant.

No. 60378.

Supreme Court of Missouri,
en banc.

Sept. 12, 1978.

Paul Scott Kelly, Jr., Terry J. Brady, John J. Yates, Dennis E. Egan, Gage & Tucker, Kansas City, for garnishee-appellant.

William C. Paxton, Independence, for respondent.

Thos. C. Otter, Kansas City, for amicus Bendix Corp.

Lathrop, Koontz, Righter, Clagett, Parker, & Norquist, Kansas City, for amicus Armco Steel Corp.

ALDEN A. STOCKARD, Special Judge.

Garnishment.

The issue presented for decision is whether a garnishment to collect an attorney's fee granted to the wife in a proceeding under the Dissolution of Marriage Act, §§ 452.300–452.415, Laws of Missouri 1973, p. 470, is subject to the 25% limitation of the federal Consumer Credit Protection Act, 15 U.S.C.A. § 1673(a), and the corresponding Missouri Statute, § 525.030(2) RSMo Supp. 1971. The trial court held it was not, and the Missouri Court of Appeals, Kansas City District, affirmed. Upon application of the garnishee the case was transferred here by order of this court, and we now determine the cause "the same as on original appeal." Mo.Constit. Art. V, § 10.

Substantial portions of the opinion by the Kansas City District of the Court of Appeals will be stated herein without the use of quotation marks.

Elizabeth and William Dyche were divorced in 1972 and the decree granted custody of the minor children to Elizabeth Dyche and awarded her $100 per month per child as child support. Later that year the custody provisions of the decree were modified by stipulation to award custody to William. In 1974, after the effective date of the Dissolution of Marriage Act, supra, Elizabeth moved for modification of the decree and sought to have custody of the children returned to her, to have child support reinstated, and to be awarded attorney fees and suit money. Pursuant to this motion the court modified the custody provisions, awarded a specified amount for child support, and awarded "partial attorney's fees in the sum of One Thousand Five Hundred Dollars."

The judgment for attorney fees was not paid, and Elizabeth requested a summons of garnishment in aid of execution. In September 1975, garnishment was served on William's employer, General Motors, who answered that it was indebted to William for wages in the total net sum of $1,239.90, but that pursuant to the provisions of the federal Consumer Credit Protection Act, supra,[1] it was withholding only 25% of that

---

1. 15 U.S.C.A. § 1673(a) provides: "Except as provided in subsection (b) of this section and in section 1675 of this title, the maximum part of the aggregate disposable earnings of an individ-

amount, or $309.98 for payment into the registry of the court.

Elizabeth filed a denial to the answer of General Motors in which she asserted that the judgment sought to be collected constituted an award of attorney fees to a party in a divorce proceeding and is within the "support" exception to the statutory limitations on garnishment.[2]

Both Elizabeth and General Motors moved for judgment on the pleadings. The trial court sustained Elizabeth's motion, overruled the motion of General Motors, and entered an order requiring General Motors to pay into court the full $1,239.90 which constituted William's total disposable earnings held by General Motors at the time when it filed its answer to garnishment. See Rule 90.18.

Elizabeth asserts on this appeal that the claim of exemption should have been made to the levying officer, who she contends had the exclusive authority to rule the issue, and that the Circuit Court before whom General Motors presented the issue had no jurisdiction to rule thereon. She cites *Dancer v. Chenault*, 527 S.W.2d 714 (Mo. App.1975), and *Pacific Finance Loans, Inc. v. Richardson*, 412 S.W.2d 509 (Mo.App. 1967).

We do not consider the *Dancer* case to be in point. It involved garnishment of a bank account, not wages, and the decision rests upon the construction of statutory provisions other than § 525.030. The *Pacific Finance* case did involve the garnishment of wages, but it was decided before the 1971 amendment to § 525.030 which added a new provision, subsection (3), which provides: "In any proceeding of garnishment or sequestration of wages under the provisions of sections 525.010 to 525.480, the

maximum part of the aggregated earnings of any individual in any workweek which shall be subject to garnishment or sequestration pursuant to the provisions of subsection 2 of this section shall be construed to constitute all wages or earnings of the defendant in the garnishee's possession or charge or to be owing by him to the defendant in that week." This new provision prohibits the garnishee from reporting in its answer to garnishment any amount in excess of the maximum prescribed by subsection 2. General Motors followed the procedure contemplated by the statute when it raised this issue in its answer to garnishment. In addition, the prior rulings on the subject have been made inapplicable insofar as the amount of garnishment of wages is limited by the federal Consumer Credit Protection Act. 15 U.S.C.A. § 1673(c) provides: "No court of the United States or any State may make, execute, or enforce any order or process in violation of this section." Regardless of any obligation upon other persons, such as the levying sheriff, to observe restrictions on garnishments, the principal duty to apply the restrictions under the Consumer Protection Act is a judicial one and is on the court. The trial court has jurisdiction of, and the responsibility to enforce, the garnishment restrictions created by the federal statute in question and the Missouri statute supplementing it.

Prior to the enactment of the Dissolution of Marriage Act there was no express statutory authorization for the award of attorney fees in a divorce proceeding or in proceedings incidental thereto. However, the authority to make such an award was found as the result of judicial interpretation that the allowance of attorney fees was a form of and was included within the term "alimo-

---

ual for any workweek which is subjected to garnishment may not exceed (1) 25 per centum of his disposable earnings for that week, * *."

Section 525.030–2 of the Missouri Statutes provides: "The maximum part of the aggregate earnings of any individual for any workweek, after the deduction from those earnings of any amounts required by law to be withheld, which is subjected to garnishment may not exceed (a) twenty-five percentum * * *."

2. The exception referred to is in 15 U.S.C.A. § 1673(b) and is as follows: "(b) The restrictions of subsection (a) of this section do not apply in the case of (1) any order of any court for the support of any person. * * *."

Section 525.030–2 of the Missouri Statutes provides: "The restrictions on the maximum earnings subjected to garnishment do not apply in the case of any order of any court for the support of any person * * *."

ny" which was authorized by what was then § 452.070. See *Rutlader v. Rutlader*, 411 S.W.2d 826 (Mo.App.1967), and the cases there cited. Regardless of the judicially determined basis for making the award, it was only indirectly an award for the support of the wife. It was an award of an amount to be paid to the wife which in turn was to be paid by her to another person who was not a party to the action. At most it relieved the wife of a financial obligation to a third party, and permitted her to litigate her claims in the divorce proceeding.

At the time the order was entered in this case allowing Elizabeth attorney fees the Dissolution of Marriage Act, §§ 452.-300–452.415 was in effect. Section 452.335 of that act grants authority to the court to award maintenance to either spouse under certain conditions and in such amounts and for such periods of time as it deems just after considering specified relevant factors. Section 452.340 authorizes the court to order either or both parents owing a duty of support to a child of the marriage to pay a reasonable amount for his support after considering specified relevant factors. In recognition of the need to assure payment, if possible, of these awards the court is authorized by § 452.345 to require that such maintenance or support payments be made to the circuit clerk for remittance to the person entitled to receive them, and by § 452.350 the court is authorized to order the person obligated to pay support or maintenance to make an assignment of a part of his periodic earnings or other income. It is reasonably clear it was the legislative intent that any award for the *support* of a spouse or for the *support* of a child should be made pursuant to these two statutory provisions.

In § 452.355 separate provision is made for the court to award a spouse litigation costs and attorney fees "after considering all relevant factors including the financial resources of both parties," and the court is authorized to order the attorney fee to be paid directly to the attorney who may enforce the order in his own name. This award is not subject to the provisions of § 452.345 or § 452.355. The separate treatment of maintenance and child support, as one type of an award, and litigation costs and attorney fees as another type of an award, demonstrates a legislative intent not to continue the authority to award attorney fees as an incident to alimony or the present substitute for alimony which is designated as maintenance. The authority to award attorney fees is no longer premised on the authority of the court to award alimony, and it is not premised on the authority to award maintenance or child support. For example, attorney fees may be awarded to a party in a dissolution of marriage proceeding when there is no issue pertaining to maintenance or child support, but when the only issue is the proper division of the marital property, or the designation of what is or is not marital property. The authority to award attorney fees now results from an independent and separate statute, and as such is not an "Order * * for the support of any person." It is just what the statute says it is; an "Order * * to pay a reasonable amount * * * for attorney's fees."

After the enactment in 1968 of the federal Consumer Protection Act containing the restrictions on garnishment previously mentioned, the legislature of Missouri amended § 525.030, the wage garnishment statute to incorporate the limitations specified in 15 U.S.C. § 1673(a). In doing so, the legislature exercised its discretion to provide for agreater limitation on garnishment when the wage owner is a resident head of a family by reducing to 10% the amount of wages subject to garnishment. § 525.-030(2)(c). It could, and in our opinion did, place a further limitation by treating an award for attorney fees separate and apart from an award for maintenance and support, and in our opinion there was a good and impelling reason for doing so. The primary purpose of maintenance and child support is to provide subsistence for the spouse and the children; not to provide immediate payment of a debt to a third party. If wages are made subject to garnishment without limitation for the pay-

ment of an award for attorney fees, the whole of the wages, possibly over several pay periods, could be garnished for that purpose thereby making it impossible for the wage earner to meet his obligations for maintenance and child support. This would defeat the purpose of the awards for maintenance and child support, and would permit the attorney for the spouse to whom the award was made to receive preferential treatment over other creditors of the debtor, for example, his own attorney.

 Elizabeth relies on several cases arising under § 15(a)(7) of the Bankruptcy Act, 11 U.S.C. § 35(a)(7). It provides that "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, * * * except such as * * * (7) are for alimony due or to become due, or for maintenance or support of wife or child, * * *." This provision was added to the Bankruptcy Law by Public Law 91–467 in 1970. However, prior to the enactment of the above provision it was uniformly held that alimony was not a provable debt under the Bankruptcy Law and therefore not released by a discharge in bankruptcy. *Audubon v. Shufeldt*, 181 U.S. 575, 21 S.Ct. 735, 45 L.Ed. 1009 (1901); *Smith v. Smith*, 7 F.Supp. 490 (D.C.W.D., N.Y.1934); *Cederberg v. Gunstrom*, 193 Minn. 421, 258 N.W. 574 (1935); *Remondino v. Remondino*, 41 Cal.App.2d 208, 106 P.2d 437 (1940). Subsequent to the 1970 amendment it has uniformly been held that when under state law an award of attorney fees is deemed to be in the nature of alimony or maintenance and support the obligation is non-dischargeable in bankruptcy. *Matter of Cornish (Schiller v. Cornish)*, 529 F.2d 1363 (7th Cir. 1976); *Jones v. Tyson*, 518 F.2d 678 (9th Cir. 1975); *Nunnally v. Nunnally*, 506 F.2d 1024 (5th Cir. 1975). These cases pertain to the existence or preservation of a debt; not to the manner or means of collecting it, which is a matter governed by State procedures when those procedures do not purport to provide for less limitation on garnishments than the federal Consumer Credit Protection Act. We do not consider them to be controlling as to the proper construction of the Dissolution of Marriage Act of this State or of § 525.030(2)(c).

 The words "any order of any court for the support of any person" as contained in § 525.030–2 are not ambiguous. When given their ordinary meaning they refer to child support or maintenance, as those terms are used in the Dissolution of Marriage Act, or any other order to provide for subsistence or maintenance, but they do not include any order entered pursuant to § 452.355 that one party in a proceeding under the Dissolution of Marriage Act pay to the other party an amount for that party's attorney fees. Therefore, General Motors correctly withheld only 25% of William's disposable earnings.

The judgment is reversed and the cause remanded with directions to enter judgment for garnishee.

MORGAN, C. J., BARDGETT, DONNELLY, RENDLEN and SEILER, JJ. and HOUSER, Special Judge, concur.

FINCH, J., not sitting.

SIMEONE, J., not participating because not a member of the Court when cause was submitted.