**Pearline SOUTHERN, Appellant,**

v.

**Larry SOUTHERN, Respondent.**

**No. WD 31518.**

Missouri Court of Appeals,
Western District.

March 30, 1981.

William C. Partin, Kansas City, for appellant.

Larry D. McEnroe, Kansas City, for respondent.

Before KENNEDY, P. J., and SHANGLER and SOMERVILLE, JJ.

KENNEDY, Presiding Judge.

The question presented by this appeal is whether a judgment against a husband for attorney's fees in a dissolution case was discharged in the husband's later bankruptcy. The trial court granted summary judgment in favor of a garnishee, Trans World Airlines, Inc., employer of the husband, holding that the judgment for attorney's fees had been so discharged.

The wife has appealed and the case is submitted to us upon an agreed statement. S.Ct. Rule 81.13.

The marriage of Pearline Southern, appellant, and Larry Southern was dissolved in the Jackson County Circuit Court by decree of June 29, 1978. It contained the following provision: "It is further ordered and adjudged that respondent (Larry Southern) pay as a part of the attorney's fees incurred by petitioner (appellant Pearline Southern) the sum of $875 and that said sum be paid to William C. Partin, attorney for petitioner, and in default thereof, that execution issue therefor, subject to a stay of execution for four months on payment of at least $25 per month..."

No payment was ever made by Larry Southern, and he was adjudged a bankrupt on September 12, 1978. The schedule of debts filed with his petition included the $875 obligation for attorney's fees.

The case now before us arises from an execution and a garnishment in aid thereof directed to TWA. The garnishee withheld $92.91, being 10% of Southern's disposable earnings, the maximum amount subject to garnishment under § 525.030(2)(c), RSMo 1978, where the employee claims, as Southern did, to be head of a family. In its answer, garnishee TWA raised the defense of the bankruptcy court release.

Larry Southern did not enter his appearance in the court below, nor is he a party to the proceedings in this court. He has filed no brief. Neither has the garnishee, TWA, filed any brief here. The issues were framed upon interrogatories to garnishee, answer of garnishee, denial of garnishee's answer, and reply to denial of garnishee's answer. In the garnishee's "reply to denial of garnishee's answer" the garnishee TWA takes the position, citing *Dyche v. Dyche*, 570 S.W.2d 293 (Mo.banc 1978), that attorney's fees allowed to the wife in a dissolution proceeding are not "alimony, maintenance or support". If they were "alimony due or to become due, or for maintenance or support of wife or child", to use the statutory language, then they would not be discharged in bankruptcy. Bankruptcy Act, § 17(a)(7), 11 U.S.C., § 35(a)(7).

After the trial court's ruling, *In the Matter of Evans*, 2 B.R. 85 (Bkrtcy.W.D.Mo., 1979), was handed down. It involved the same issue as the case now before us. The court there held that *Dyche v. Dyche, supra*, was not controlling, and held that a judgment against a husband for attorney's fees in a dissolution proceeding was not a debt dischargeable in bankruptcy.

■ The question which determines the dischargeability of a judgment for attorney's fees is whether under state law an award of attorney's fees is deemed to be "in the nature of alimony or maintenance and support". *Dyche v. Dyche, supra* at 297; *Matter of Cornish*, 529 F.2d 1363 (7th Cir., 1976); *Jones v. Tyson*, 518 F.2d 678 (9th Cir. 1975); *In re Nunnally*, 506 F.2d 1024, 1027 (5th Cir. 1975).

In other cases the question is stated whether the attorney's fee allowance serves a "support function". *Matter of Evans, supra* at 89, n. 8; *Damon v. Damon*, 283 F.2d 571 (1st Cir. 1960).

■ In our judgment the award of attorney's fees in the present case does "serve a support function" or is "in the nature of support". The services of an attorney in dissolution cases is a necessary of life. So it has been held. *Henry v. Henry*, 182 Cal. App.2d 707, 6 Cal.Rptr. 418, 421 (1960); *Goldman v. Roderiques*, 370 Mass. 435, 349 N.E.2d 335, 336 (1976). To require one spouse to pay or contribute to the attorney's fees of the other is to require the furnishing of a necessary. *Gross v. Gross*, 319 S.W.2d 880, 883 (Mo.App.1959).

In the case now before us, the dissolution decree provides for child support payments payable by husband to wife in the sum of $92.50 semi-monthly, plus $760 maintenance payable in four installments. The only property mentioned in the decree is an automobile engine which is awarded to Larry and several items of household furniture and appliances awarded to Pearline. Larry is ordered to maintain a $10,000 life insurance policy payable to their minor child during the child's minority, and also medical

insurance on the child. Reference is made to a house payment, but the decree does not dispose of any house. The decree also purports to approve a separate separation agreement, which is not shown in the record before us, and which may or may not contain other provisions than those written into the decree. From the fact that maintenance is awarded to the wife, which can only be awarded in case of her need, *Hull v. Hull*, 591 S.W.2d 376, 382 (Mo.App.1979); § 452.335.1, RSMo 1978, we may logically assume that the court's award of attorney's fees was based also upon her inability to pay her attorney's fees. *S___ v. S___*, 514 S.W.2d 1, 9 (Mo.App.1974). In such a case, it is quite plain that the award of attorney's fees served a support function or were in the nature of support. There may be other cases where attorney's fees awarded under § 452.355, RSMo 1978, do not serve a support function—where the wife's need is absent, or is at least not a dominant consideration, *Dyche v. Dyche, supra; Kieffer v. Kieffer*, 590 S.W.2d 915 (Mo.banc 1979)—but that is not the case now before us.

The judgment against Larry for attorney's fees was not discharged in bankruptcy.

*Dyche v. Dyche, supra*, is not contrary to the foregoing holding. It held that a judgment for attorney's fees in a dissolution case was not an "order . . . for the support of any person" within the meaning of § 525.030(2)(c). The debtor's wages were therefore protected from garnishment except as to 25% thereof. The wife in that case cited cases which had held non-dischargeable awards of attorney's fees when under state law they were deemed to be in the nature of alimony or maintenance and support. The court distinguished the two types of cases, saying that the bankruptcy cases "pertain to the existence or preservation of a debt; not to the manner or means of collecting it. . ." The court declined to broaden the meaning of the words "any order of any court for the support of any person" as contained in § 525.030(2) beyond the ordinary meaning of those words, and held that the words did not include attorney's fees.

The cases construing the Bankruptcy Act, however, do not confine the words "support, alimony and maintenance" to their narrow meaning, as the court did in *Dyche*, but rather deny discharge of attorneys fee awards which are in the nature of support, or serve a support function . . . even though attorney's fees do not fit within the *definition* of the words "support", "alimony" or "maintenance". Furthermore, the cases do not concern themselves primarily with labels and definitions, but examine the character of the attorney's fees awarded to determine if they are actually in the nature of support, or serve a support function.

The judgment is reversed and the cause is remanded for the entry of a new judgment in favor of the appellant and against the respondent garnishee.

All concur.