**In re William Charles MOYER, Bankrupt.**

**Louis W. KRINGS, Plaintiff,**

**v.**

**William Charles MOYER, Defendant.**

Bankruptcy No. 79–00652–BW–3.

Civ. A. No. 80–0066–CV–W–3.

United States District Court, W. D. Missouri, W. D.

May 8, 1981.

---

Louis W. Krings, Kansas City, Mo., for plaintiff.

Betsy Ann T. Stewart, Independence, Mo., for defendant.

## ORDER

RUSSELL G. CLARK, Chief Judge.

On December 20, 1979, the bankrupt and defendant herein filed a notice of petition seeking review by this Court of two orders and a judgment issued by the Bankruptcy Court in December, 1979. The issues certified for review are as follows:

(1) An order issued by the referee in bankruptcy on December 7, 1979 determining that the debts due plaintiff for attorney fees are not dischargeable in bankruptcy;

(2) An order issued by the referee in bankruptcy on December 14, 1979 finding that the judgment of the Circuit Court of Jackson County, Missouri allowing plaintiff $700 as attorney's fees are debts enforceable against defendant, and that plaintiff's costs in enforcing his debt be taxed against defendant;

(3) A judgment issued by the referee in bankruptcy ordering plaintiff to recover $700 from defendant.

For the reasons stated herein, the two orders and judgment issued by the referee in bankruptcy will be reversed.

All material facts in this case are undisputed. On April 13, 1979, the Circuit Court of Jackson County, Missouri issued a decree in Civil Action No. DR78–3509 dissolving defendant's marriage. In that decree the Circuit Court ordered defendant to pay plaintiff the sum of $400 as attorney's fees incident to the action for dissolution of marriage. Prior to that final decree, however, the Circuit Court, on October 2, 1978, had awarded plaintiff a partial fee for services rendered in the amount of $300. On June 1, 1979, prior to making any payment of attorney's fees, defendant filed a voluntary petition in bankruptcy. On June 27, 1979, plaintiff filed a complaint in accordance with Bankruptcy Rule 409 seeking a determination of dischargeability under the Bankruptcy Act § 17(a)(7) of defendant's obligation to pay attorney's fees awarded by the circuit court. On December 7, 1979, the referee in bankruptcy determined that defendant's obligation was not dischargeable and on December 17, 1979, the referee entered his orders and judgment which are the subject of this appeal.

Bankruptcy Rule 810 requires a reviewing district court to accept the factual findings of a bankruptcy court unless those findings are clearly erroneous. A finding is "clearly erroneous" when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 541, 92 L.Ed. 1147 (1948); *Matter of Perimeter Park Investment Associates, Ltd.*, 616 F.2d 150, 151

(5th Cir. 1980). Section 17(a)(7) of the Bankruptcy Act provides in pertinent part as follows:

A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as . . . are for alimony due or to become due, or for maintenance or support of wife or child . . . . [11 U.S.C. § 35(a)(7)].

It is clear from the language of § 17(a)(7) that a debt either must be alimony or intended to satisfy a husband's obligation to maintain his wife or child in order to be considered non-dischargeable under the Federal Bankruptcy Act. In determining the nature of a particular debt, however, a court first must consider the substantive law of the state in which the obligation arose. "Federal bankruptcy law is not the source of these obligations; it takes them as it finds them and, when necessary, characterizes the legal relations between the parties for its own purposes." *Matter of Albin*, 591 F.2d 94, 97 (9th Cir. 1979).

■ In Missouri, R.S.Mo. § 452.335 authorizes a circuit court to order one party in an action for dissolution of marriage to pay support or maintenance to the other party, while R.S.Mo. § 452.355 further authorizes the court to order payment by a party of attorney's fees incurred incident to such a proceeding. Prior to 1974, however, the authority of circuit courts in Missouri to award both alimony and attorney's fees originated in R.S.Mo. § 452.070 (repealed eff. Jan. 1, 1974). *See Burton v. Burton*, 472 S.W.2d 620, 622–23 (Mo.App.1971). Since § 452.070 did not mention attorney's fees specifically, courts reasoned that such fees were akin to alimony and therefore were authorized as an award of alimony. *Id.* *See also Weniger v. Weniger*, 32 S.W.2d 775, 776 (Mo.App.1930). A necessary consequence of this interpretation by state courts of state law was the determination by federal courts that awards of attorney's fees incident to a dissolution of marriage proceeding were non-dischargeable under § 17(a)(7) of the Bankruptcy Act. *See In re Hargrove*, 361 F.Supp. 851, 853 (W.D.Mo.1973).

In 1978 the Supreme Court of Missouri considered the issue of legislative intent in separating the authority of circuit courts to award alimony from their authority to order payment of attorney's fees. *See Dyche v. Dyche*, 570 S.W.2d 293 (Mo.1978). The Missouri Supreme Court stated that:

The separate treatment of maintenance and child support, as one type of award, and litigation costs and attorney fees as another type of an award, demonstrates a legislative intent not to continue the authority to award attorney's fees as an incident to alimony or the present substitute for alimony which is designated as maintenance. . . . The authority to award attorney fees now results from an independent and separate statute, and as such is not an "Order . . . for the support of any person." It is just what the statute says it is, an "Order . . . to pay a reasonable amount . . . for attorney's fees." 570 S.W.2d at 296.

In further clarification of its reasoning the Court stated that "[t]he primary purpose of maintenance and child support is to provide subsistence for the spouse and the children; not to provide immediate payment of a debt to a third party." 570 S.W.2d at 296. This Court agrees.

Defendant nevertheless argues that the *Dyche* case is distinguishable since the underlying issue in that case was not dischargeability under federal bankruptcy law, but merely whether a garnishment for the collection of attorney's fees awarded a wife incident to a dissolution proceeding was subject to 25% limitation under the Federal Consumer Credit Protection Act and R.S.Mo. § 525.030(2). Regardless of the underlying issue facing the Missouri Supreme Court at the time of decision, that court interpreted the Missouri Dissolution of Marriage Act and that interpretation is binding upon this Court for the limited purpose of characterizing a debt that arises under R.S.Mo. § 452.355. *Matter of Albin*, 591 F.2d at 97, and cases cited therein. Section 17(a)(7) in pertinent part declares non-dischargeable only those debts that "are for

alimony due or to become due, or for maintenance or support of wife or child...." The Supreme court of Missouri has stated unequivocally that the words " 'any order of any court for the support of any person' ... do not include any order entered pursuant to § 452.355 that one party in a proceeding under the Dissolution of Marriage Act pay to the other party an amount for that party's attorney fees." 570 S.W.2d at 297. Accordingly, it is hereby

ORDERED that the order of the referee in bankruptcy entered on December 7, 1979 determining attorney fees non-dischargeable is reversed; and it is further

ORDERED that the order and judgment for $700 entered by the referee in bankruptcy on December 14, 1979 also is reversed.