**In the Matter of Jan Wictor KAKOLEWSKI, Debtor.**

**Karen Mae KAKOLEWSKI, Plaintiff**

v.

**Jan Wictor KAKOLEWSKI, Defendant.**

**Bankruptcy No. 82–1656–SW.**
**Adv. No. 82–1656–SW.**

United States Bankruptcy Court,
W.D. Missouri,
Southwestern Division.

Aug. 4, 1983.

---

1. The amount due on November 18th was the same as the amount due on November 10th, the date of filing (Beilke affid.)

W. Henry Johnson, Douglas, Douglas & Johnson, Neosho, Mo., for plaintiff.

James F.B. Daniels, Roberts & Fleischaker, Joplin, Mo., for defendant.

## ORDER DENYING DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT

DENNIS J. STEWART, Bankruptcy Judge.

This court has formerly entered its judgment in this adversary action declaring certain types of indebtednesses of defendant to the plaintiff to be nondischargeable in bankruptcy, but leaving the determination of the magnitude of those indebtednesses to the state dissolution court in accordance with recognized principles. This was done only after the bankruptcy court had attempted several times to convene a hearing on the issue of damages, but had been un-

able on each occasion to secure the attendance of all the parties and their counsel. On the last occasion, July 15, 1983, neither the plaintiff nor her counsel appeared for the scheduled hearing and neither did they file any request or motion for continuance. Therefore, under the power granted to the bankruptcy court to remit state law issues to trial in state courts of competent jurisdiction, the bankruptcy court left the issue of magnitude of nondischargeable liabilities to state court determination. "A court of bankruptcy has an exclusive and nondelegable control over the administration of an estate in its possession. But the proper exercise of that control may, where the interests of the estate and the parties will best be served, lead the bankruptcy courts to consent to submission to State courts of particular controversies involving unsettled questions of State property law and arising in the course of bankruptcy administration." *Thompson v. Magnolia Petroleum Co.,* 309 U.S. 478, 483, 60 S.Ct. 628, 630, 84 L.Ed. 876 (1940). In this action, the magnitude of the liabilities appeared to involve state law issues which the parties could with at least equal facility try in the state courts. Further, the ground of nondischargeability here asserted is not one within the exclusive jurisdiction of the bankruptcy court and may as well, therefore, be tried in a state court which may be more convenient for the parties and counsel to attend.

The defendant moves to alter or amend the judgment of the bankruptcy court thus entered. It is initially stated as grounds for alteration or amendment that the state court decree "expressly directs defendant to make all of said payments to third parties, and nowhere characterizes them as maintenance or in lieu of maintenance." But the cases on this issue have repeatedly held that "the characterization of the award by the state court is not conclusive." *Matter of Evans,* 2 B.R. 85, 90 (Bkrtcy.W.D.Mo.1979). The state or federal court making the dischargeability determination under federal bankruptcy law "characterizes the legal relations existing be-

tween the parties for its own purposes." *Matter of Albin,* 591 F.2d 94, 97 (9th Cir. 1979). Those purposes are dictated by the federal bankruptcy law, even if a state court makes the dischargeability determination. "What constitutes alimony, maintenance, or support, will be determined under the bankruptcy law, not State law." Notes of Committee on the Judiciary, Senate Report No. 95–989, U.S.Code Cong. & Admin. News 1978, p. 5787. Accordingly, the bankruptcy court, or any court making the dischargeability determination, is not bound by the state dissolution court's nomenclature in making that determination. This contention of the defendant must accordingly be denied.

■ It is further contended by the defendant that "under the governing law of the State of Missouri, the obligation of defendant to pay any sums directly to third parties is clearly not held · to be in the nature of maintenance or support. *Dyche v. Dyche,* 570 S.W.2d 293 (Mo. en banc 1978)." Again, the governing federal law does not impose such a stricture. See *Matter of Evans, supra.* And it is that law which even a state court must follow when making the determination of dischargeability *vel non. Southern v. Southern,* 614 S.W.2d 313, 314 (Mo.App.1981), purporting to follow *Matter of Evans, supra,* and noting that *Dyche v. Dyche, supra,* specifically retreated from determining any dischargeability issue. This contention must therefore be denied as meritless.

■ Further, it is stated that "defendant would show the Court that under the laws of the State of Missouri, such payments as were ordered to be made to creditors holding liens upon the real estate and motor vehicle were not in the nature of maintenance but were merely payments necessary to equalize the relative positions of the parties with respect to such marital property. See *In re Lineberry,* 9 B.R. 700 (Bkrtcy.W. D.Mo.1981)." Again, it is federal law which determines the question. And that law clearly holds that "the obligation to maintain and support a family includes the obligation to keep a roof over their heads. It is obvious that that is what the bankrupt undertook to do when he agreed to keep up the installment payments on the trust deed upon the home in which his divorced wife and his children were to live." *Poolman v. Poolman,* 289 F.2d 332, 335 (8th Cir.1961). See also *In re Williams,* 703 F.2d 1055, 1057 (8th Cir.1983), quoting *In re Jensen,* 17 B.R. 537, 540 (Bkrtcy.W.D.Mo.1982), to the effect that "provisions to pay expenditures for the necessities and ordinary staples of every day life" reflect a support function. And, again, the state courts follow these general principles when making the dischargeability determination. *Southern v. Southern, supra.* The principles stated in the *Lineberry* opinion, *supra,* are not directly in point on these issues. The contention made by the defendant must accordingly be denied.

■ Finally, the defendant states that: "the Court will observe that plaintiff has exempted a total of only $15,000 in maintenance pursuant to 11 U.S.C. section 522(d)(9)(D) which permits the exemption of such sums only to the extent 'reasonably necessary for the support' of the debtor/plaintiff. Accordingly, the Court would completely abrogate this section were it to declare all of the sums in question to be non-dischargeable for the reason that the debtor-plaintiff will ultimately receive benefits far in excess of her allowable exemptions."

To the contrary, however, the court of bankruptcy, in the challenged judgment, has adverted to section 522(d)(10)(D), and has committed a determination of the amount "reasonably necessary for the support of the debtor and any dependent of the debtor" to the state dissolution court. No abrogation of this section is intended. This contention must therefore be denied.

For the foregoing reasons, the contentions of the defendant must all be denied. If the parties wish to agree upon a dismissal of this entire action for trial of all issues in a state court, the bankruptcy court will consider vacating its judgment for that reason or for the purpose of conducting a trial of all the issues in this court upon an irrevo-

**497**

cable date certain agreed upon by the parties. It is accordingly

ORDERED that the defendant's motion to alter or amend the judgment of July 21, 1983, be, and it is hereby, denied.