**In the Matter of Jackie Ray HAGUE, Debtor.**

**Ruth Ann HAGUE, Plaintiff,**

**v.**

**Jackie Ray HAGUE, Defendant.**

**Bankruptcy No. 85–03051–SJ.**
**Adv. No. 85–0655–SJ.**

United States Bankruptcy Court,
W.D. Missouri,
St. Joseph Division.

Jan. 10, 1986.

Hugh A. Miner, St. Joseph, Mo., for plaintiff.

John Manring, St. Joseph, Mo., for defendant.

ORDER DENYING PLAINTIFF'S "MOTION FOR PARTIAL RECONSIDERATION OF COURT'S ORDER OF DECEMBER 17, 1985, GRANTING JUDGMENT OF DISMISSAL WITHOUT PREJUDICE TO STATE COURT PROCEEDINGS"

DENNIS J. STEWART, Bankruptcy Judge.

Formerly, on December 17, 1985, this court dismissed the plaintiff's complaint for a decree of nondischargeability with respect to alleged obligations in the nature of alimony, support or maintenance without

prejudice to state court proceedings. The same order granted the plaintiff relief from the automatic stay to initiate and prosecute such state court proceedings. One of the grounds for dismissal was that it was not alleged that any prepetition debt had accumulated. Now, however, the plaintiff timely moves for "partial reconsideration" of the judgment of December 17, 1985, stating that, in fact, some $1,123.70 in past due maintenance had built up prior to the filing of the debtor's bankruptcy petition. It is now said that such payments as a "phone bill for August," a "cable TV bill for August," "house insurance," "transportation," "medication," and "one-half of house payments," have not been made and these constitute a form of maintenance which is not dischargeable in bankruptcy. It is neither stated nor shown that these payments are unambiguously characterized by the state court decree as alimony, support, or maintenance. Thus, were the action to be tried in this court, its first function would be to "ascertain whether the state court or the parties to the divorce *intended* to create an obligation to support." *In re Calhoun*, 715 F.2d 1103, 1109 (6th Cir.1983) (Emphasis in original.) Under such circumstances, it appears that it would be more convenient for the parties to try the case in a state court. The ground of dischargeability *vel non* which is in issue in this matter is not one which is in the sole and exclusive jurisdiction of the bankruptcy court. Rather, the ground which is made the basis of this action arises under section 523(a)(5) of the Bankruptcy Code, which is not one of the exceptions to discharge which is placed within the exclusive jurisdiction of the bankruptcy court by the provisions of section 523(c) of the Bankruptcy Code. Accordingly, a state court may adjudge, not only the underlying liability, but also the dischargeability question. "(S)tate courts of general jurisdiction have the power to decide cases involving federal ... rights where ... neither the Constitution nor statute withdraws such jurisdiction." *Boston Stock Exch. v. State Tax Com'n*, 429 U.S. 318, 319, n. 3, 97 S.Ct. 599, 602, n. 3, 50 L.Ed.2d 514 (1977). Although states may, by Constitution or statute, refuse to entertain actions arising in bankruptcy, and the federal legislature may restrict actions arising under the federal laws to resolution in federal courts, there appear to be no such restrictions imposed to prevent adjudication of this action in the state courts of Missouri. The law of Missouri specifically provides for the enforcement of separation agreements and dissolution decrees "by all remedies available for the enforcement of a judgment, and the court may punish any party who willfully violates its decree to the same extent as is provided by law for contempt of court in any suit or proceeding cognizable by the court." Section 452.-325(5) RSMo; *Buttrey v. Buttrey*, 622 S.W.2d 708 (Mo.App.1981). In that proceeding, the defendant may intervene by filing a motion to quash execution and garnishment, *Buttrey v. Buttrey, supra*, or may otherwise contend that the award sought to be enforced is dischargeable in bankruptcy. *Southern v. Southern*, 614 S.W.2d 313, 314 (Mo.App.1981). The state court will then make the determination of the issue of dischargeability *vel non*, employing federal standards in so doing. *Southern v. Southern, supra; Henson v. Henson*, 366 S.W.2d 1 (Mo.App.1963); *Matter of Kakolewski*, 32 B.R. 494, 496 (Bkrtcy.W.D.Mo.1983). When it is, as in the case at bar, not plain on the face of the complaint that the enforcement sought is of an award of alimony, support or maintenance, it would be better for the determination to be made, at least in the first instance, by the state dissolution court in the manner above described.

It is therefore

ORDERED that the plaintiff's "motion for partial reconsideration of court's order of December 17, 1985, granting judgment of dismissal without prejudice to state court proceedings" be, and it is hereby, denied.