**In re Steven Wesley RICE, Debtor.**

**Robin G. RICE, Plaintiff,**

v.

**Steven W. RICE, Defendant.**

**Bankruptcy No. 88–03549–2.
Adv. No. 88–0676–2.**

United States Bankruptcy Court,
W.D. Missouri.

Dec. 30, 1988.

Robert A. Sundblad, Kansas City, Mo., for debtor/defendant.

Patrick B. Starke, Blue Springs, Mo., for plaintiff.

## MEMORANDUM OPINION

FRANK W. KOGER, Bankruptcy Judge.

Conquest, War, Famine, Death—these the Book of Revelations tells us are the Four Horsemen of Apocalypse, no matter what that later apostle known to the sporting gentry as Grantland Rice wrote some nineteen centuries later. Yet in the arena of consumer bankruptcy, neither prophet was right. Here and now those dread specters are: Divorce, Illness, Unemployment, and Overspending. These now are the harbingers of economic doom that spell the end of the "good life" for so many of the economic refugees that seek relief in this "Court of Last Resort". But even here the tendrils of Divorce linger on and judges of these courts are called upon to decide whether the remaining shards of the former physical and spiritual union are "in lieu of maintenance" or "in the nature of property settlement" and thus correspondingly nondischargeable or dischargeable as the case may be.

This case illustrates some of the sadness, the bitterness and the economic desolation visited upon such parties, for they were and are the victims of both Divorce and Illness.

Debtor and his ex-wife separated in the summer of 1986, and were divorced on May 15, 1988. To the tragedy of the breakup of the family and the customary tug of war over the four minor children, the family assets, the family home and who got what share of the accumulated possessions of a decade plus of sharing the good and bad, was added not only the overtones of a serious illness of the ex-wife, but the grim reality that what could support one household could not support two. Debtor filed his petition for relief under Chapter 7 on August 12, 1988, less than three months after the decree of dissolution was entered.

Debtor listed his ex-wife as a creditor and sought to discharge all of his obligations to her as well as his obligations to all of the joint creditors whose payment the dissolution decree imposed upon him. The ex-wife timely filed her complaint to have declared certain items nondischargeable on the grounds that the decreed obligation to pay the household bills and medical expenses was in lieu of maintenance, that her award of attorney fees was in lieu of maintenance and that either a $4,500.00 lien against the residence awarded to the ex-wife should be declared a nondischargeable equitable lien or determined to be nondischargeable as being an award in lieu of maintenance.

At the hearing, the usual diametrically opposed view of the plaintiff and the defendant was proffered. Although couched in differing terms, the former testified that she believed the awards were in lieu of maintenance; the latter testified that he believed the awards were ordered to balance out the division of marital property. Also introduced was the decree of dissolution which, of course, was silent as to the intent of the parties as to what said awards represented or were intended to effect. Consequently, this Opinion, which can only result from the evidence introduced, is reminiscent of an edifice built on a fragile and imperfect foundation.

■ Taking the three areas of contest in order, the Court first considers the issue of the debtor's required payment of all household bills and medical expenses. The Court finds that this portion of the decree was not in lieu of maintenance but was intended to balance the division of marital property. The Court comes to this conclusion because of the placement of that particular clause in the decree, as well as considering the amount of marital property each party received. Further the state court awarded specific spousal maintenance. In other words, not only did the debtor get most of the tangible assets, he also got the attendant bills to balance the scale. Further this particular part of the order appears to fall within the division of property, not the maintenance section of the decree. That portion of the decree ordering debtor to pay all marital debts is, therefore, ordered DISCHARGEABLE.

■ Turning next to the question of the ex-wife's attorney fees, both parties have cited cases from this district supporting

their respective positions. The Court itself has considered a number of cases cited by neither party. In some cases attorney fees have been declared nondischargeable. In other cases they have been declared dischargeable. If there appears to be no rhyme or reason to the decisions, that well may be attributable to the position of the Missouri state courts. For example prior to 1978, Missouri appellate courts had generally ruled that an award of attorney fees and suit money was a function of alimony and support. *Knebel v. Knebel*, 189 S.W. 2d 464 (Mo.Ct.App.1945). However, in *Dyche v. Dyche*, 570 S.W.2d 293 (Mo.1978) (en banc) the Missouri Supreme Court ruled that an award of attorney's fees under the then new Dissolution of Marriage Act was not made for the support of any person. That decision which did not engage any bankruptcy concept led to a fascinating dichotomy as illustrated by the following two cases. In *In re Moyer*, 13 B.R. 436 (W.D.Mo.1981), the federal district court followed the *Dyche* case and reversed the referee's determination of nondischargeability of attorney fees. Within two months of that decision, the Missouri Court of Appeals, Western Division, in *Southern v. Southern*, 614 S.W.2d 313 (Mo.App. 1981), ruled directly opposite, distinguishing the *Dyche* case primarily on the excellent analysis and opinion issued by the Honorable Dennis J. Stewart in *In re Evans*, 2 B.R. 85 (Bkrtcy.W.D.Mo.1979). Further, the Eighth Circuit has spoken to the issue in *In re Williams*, 703 F.2d 1055 (8th Cir.1983). There the Court in discussing the issue of attorney fees, said:

"Whether a particular debt is a support obligation or part of a property settlement is a question of federal bankruptcy law, not state law". 1.c. 1056.

Further, the Court said:

"In short, underta' ngs by one spouse to pay the other's d..bts, *including a debt to a lawyer for fees*, can be "support" for bankruptcy purposes ... Whether in any given case such obligations are in fact for "support" and therefore not dischargeable in bankruptcy, is a question of fact to be decided by the Bankruptcy Court as trier of fact in light of all the facts and circumstances relevant to the intention of the parties. A finding of fact on such a question may be set aside by the District Court or by us only if clearly erroneous". 1.c. 1057.

This Court after considerable cogitation of these and other conflicting federal and state decisions reluctantly comes to the conclusion that there is no automatic yardstick to apply to the issue of attorney fees, and that this and all other bankruptcy courts (in Missouri at least) are final arbiters of domestic relations cases. Thus, it is the responsibility of this Court to weigh all of the factors presented by the parties to try and determine the intentions of the two spouses, their respective counsel, and the state court judge at the moment the decree was entered.

Perhaps the reason that it is so difficult to find "the intention of the parties" is that at the time of the dissolution the parties normally have no intention relative to bankruptcy. In this case, neither of the parties contemplated bankruptcy when the dissolution was decreed, and as usual there was no evidence that either party knew the important difference at the important point in time. It was only later that their best interests gave birth to their now expressed past intentions. Finally, perhaps a Judge cannot help but consider the practical aspects of his decision. Debtor and his ex-wife share custody. He has the four children three days a week—she four days. He pays her $500.00 per month child support and $50.00 per month spousal maintenance plus providing for the children when he has them. He takes home $1,336.74 per month. His house payment and utility payment are $396.00 per month which leaves him $390.74 ($1,336.74 − $550.00 − $396.00) per month for food, clothing, transportation and other luxuries. She works only part time because of her illness and although neither her actual expenses nor actual income were in evidence, she probably has less to sustain herself (much less the four children for the four days per week of her custody) than debtor does. A garnishment on his wages by the ex-wife's

lawyer for the attorney fees immediately preceded this bankruptcy filing.

What is the probable practical effect of declaring the attorney fees nondischargeable? Another ex-husband who cannot live on his income deserts his support obligations and leaves the ex-wife and the children worse off, and the unpaid attorney no better off. What is the practical effect of declaring the attorney fees dischargeable? The ex-wife eventually may have to take bankruptcy and the attorney does not get paid, but the debtor may continue the support of the children as he has for the last seven months. Unlike the protagonist in "The Lady and The Tiger", a bankruptcy judge does not have the comfort of believing that behind either of the doors he faces, lies wealth, high station and a voluptuous maiden. At best the judge can only expect a bleak result no matter what he does. In any event, weighing the facts in evidence to try and determine the intention of the parties as well as all the factors enumerated heretofore while ruling on household and medical bills, the Court finds that the award was intended as part of the property settlement and not in lieu of maintenance.

■ The issue of the $4,500.00 lien on the house seems easier than either of the two other issues presented. The state court found that the equity was $9,000.00 and that each party should get half thereof. This Court believes that all of the factors demonstrates the intention of the debtor, the ex-wife, and the original judge to divide the family home equally between the spouses as marital property. As such it should be construed as in the nature of a property settlement and not as an award in lieu of maintenance. It likewise is ruled to be DISCHARGEABLE.

This Opinion constitutes Findings of Fact and Conclusions of Law as required by Rule 7052, Rules of Bankruptcy.

SO ORDERED.