JULIA HOWARD, RESPONDENT, v. HARRY J. HOWARD, JR., APPELLANT.— 197 S. W. (2d) 100.

St. Louis Court of Appeals. Opinion filed October 15, 1946.

*J. Grant Frye* and *Gerald B. Rowan* for appellant.

*Elmer A. Strom* and *Albert M. Spradling, Jr.,* for respondent.

ANDERSON, J.—This is an appeal from a judgment of the Circuit Court of Cape Girardeau County, in which appellant complains of the trial court's refusal to set aside a default divorce decree.

The suit was filed on November 26, 1945, by Julia Howard, respondent herein, against H. J. Howard, Jr., appellant herein. Thereafter appellant waived the service of process and entered his appearance in said cause. On December 12, 1945, during the September Term, 1945, the cause came on for trial. Respondent appeared in person and by attorney, but appellant did not. On that day, the

cause was heard and resulted in a decree in favor of respondent, granting her a divorce, the care and custody of the child born of the marriage, $50 per month for the support of the child, and $200 for an attorney's fee.

On December 27, 1945, during the September Term, 1945, appellant filed the following motion:

"Defendant moves the court to set aside the decree rendered herein December 12th 1945 because:

"1. The decree was by default and was procured by fraud on the part of the plaintiff.

"2. The parties neither had any just ground for divorce and agreed that one of them might procure a divorce and agreed among themselves that plaintiff would file the action and that defendant would enter an appearance and not contest the same, on the condition and under the agreement that the judgment should be of the tenor hereafter mentioned.

"3. That pursuant thereto, on November 23rd 1945 such action was filed and an entrance of appearance simultaneously filed, all of which instruments being prepared by the plaintiff's attorneys.

"4. That it was agreed between the parties that no judgment for alimony would be asked or had; that custody of the minor child would be awarded plaintiff subject to the rights of defendant to see it and visit it and have it in his custody at any and all reasonable times, and that the plaintiff would recommend and procure a judgment for $20.00 per month for support and maintenance of said child; and that an allowance of $50.00 would be asked and procured for attorneys' fees and not exceeding $10.00 court costs which sums defendant was to pay plaintiff.

"5. That relying and believing on the word of plaintiff and the contract aforesaid, defendant made no further appearance and first learned of the fraud practiced upon him late on December 24th 1945 when he procured a certified copy of the decree.

"6. That defendant was discharged from the military service of the United States November 4th 1945 and the decree was rendered December 12th 1945, in less than 60 days from his discharge; that defendant was hampered in this litigation by the many things that were necessary for him to consider in the period immediatetly following his discharge and he could not adequately consider what he should properly do and was ignorant of his rights and duties, and was without legal advise."

On the first day of the January Term, 1946, to-wit, January 7, 1946, a hearing was had on said motion. At the hearing appellant testified as follows:

Before the case was filed he and his wife had a conversation about her bringing a divorce suit. He had an agreement with his wife's lawyer that in the event a decree was rendered, his wife was to be

allowed $20 per month for the baby, $10 for a register fee, and $50 for an attorney's fee. He first learned of the amounts fixed by the decree about December 24, 1945, when he got a copy of the decree from his wife or her attorney.

He was discharged from the army about November 4, 1945. At that time he was undecided as to what he was going to do in the way of business. He didn't know whether he wanted to go to school or go back to work.

He did not consult anybody in this divorce except his wife's attorney. His child is 3 years old; he is 23, and his wife 22. He signed the entry of appearance at the office of his wife's attorney. He had an agreement that he was to see the child at any time he wished as long as it wouldn't interfere with the child's routine, and he was to have the child on his vacations. He relied upon that agreement, and for that reason did not defend the case.

On cross-examination appellant testified:

He knew approximately when the case was to be tried. He didn't have a defense against this lawsuit. He desired to enter his appearance in the case, and so told Mr. Spradling, and came to his office in order that he might sign an entry of appearance so he could go back to where he was working.

At that time he was confused, unsettled, and didn't know what he was going to do. He didn't know whether he was going into business or back to school. At the time he thought it was for the best interest of the child that his wife have him, if appellant could see him when he wanted to.

His wife said that as far as she was concerned about $20 a month was going to be enough to support the child. The agreement was for an attorney's fee of $50. Mr. Spradling said that was what he would do it for.

At the conclusion of the hearing, the court overruled appellant's motion. Thereafter, on January 11, 1945, during the January Term, 1946, appellant filed his notice of appeal.

It is our view that the appeal herein must be dismissed for the reason that it was not timely taken. The record shows that the judgment appealed from was rendered at the September Term, 1945. During that term, but not within ten days, within which motions for new trial may be filed, defendant filed his motion to set aside the judgment. The ground stated in the motion for setting aside the judgment was fraud practiced by plaintiff upon defendant. This is a ground for new trial under Missouri Supreme Court Rule 3.22. Therefore, the appellant's motion to set aside the judgment was a mere belated motion for new trial.

Such an untimely motion amounts to no more than a suggestion to the court that it set aside the judgment of its own motion during the period it retains jurisdiction for that purpose. [State ex rel. Conant

v. Trimble, 311 Mo. 128, 277 S. W. 916; Sutton v. Anderson, 326 Mo. 304, 31 S. W. (2d) 1026; State ex rel. Union Electric Light & Power Co. v. Sevier, 339 Mo. 732, 98 S. W. (2d) 980; Boegemann v. Bracey, 315 Mo. 437, 285 S. W. 992; Landau v. Consumers Mill Produce Co., Mo. Sup., 36 S. W. (2d) 921; State ex rel. May Dept. Stores Co. et al. v. Haid, 327 Mo. 567, 38 S. W. (2d) 44; State ex rel. Holtcamp v. Hartmann, 330 Mo. 386, 51 S. W. (2d) 22; Taylor v. Cleveland C. C. & St. L. R. Co., 333 Mo. 650, 63 S. W. (2d) 69; Kelso v. W. A. Ross Construction Co., 337 Mo. 202, 85 S. W. (2d) 527; State ex rel. Iannicola v. Flynn, decided September 17, 1946, St. Louis Court of Appeals, not yet published.]

Such a suggestion, having no legal status as a motion, could not operate to extend the time within which the appeal must have been taken from the said judgment.

Section 1524, R. S. Mo. 1939, Mo. R. S. A., Sec. 1524, provides that no final judgment or order in a divorce case shall be reversed, annulled, or modified on appeal, "unless such appeal shall have been granted during the term of court at which the judgment or order appealed from was rendered." Under Missouri Supreme Court Rule 3.02(c) this statute is still in full force and effect.

Since the appeal in this case was not taken at the September Term, 1945, it necessarily follows that we have no jurisdiction to reverse, annul, or modify the judgment.

The appeal, therefore, must be dismissed. It is so ordered. *Hughes, P. J.,* and *McCullen, J.,* concur.