Mabel Greene BRADLEY (Plaintiff), Respondent,

v.

John Erin BRADLEY (Defendant), Appellant.

Nos. 29324, 29398.

St. Louis Court of Appeals.

Missouri.

Sept. 18, 1956.

Motion for Rehearing or to Transfer to Supreme Court Denied Dec. 13, 1956.

Freeman L. Martin, St. Louis, for appellant.

W. D. Shavers, St. Louis, for respondent.

NOAH WEINSTEIN, Special Judge.

On August 6, 1954, plaintiff (respondent) filed her petition for divorce. On August 25, 1954, plaintiff filed her motion for alimony pendente lite, court costs and attorney's fees. A hearing was had on October 1, 1954, on plaintiff's motion for alimony pendente lite and on the same day the Circuit Court sustained plaintiff's motion and ordered the defendant to pay plaintiff $15 a week alimony pending the hearing on the merits, $100 attorney's fees and $25 court costs.

At the hearing on plaintiff's motion for alimony pendente lite, both parties were represented by counsel. However, after the hearing and order on said plaintiff's motion for alimony pendente lite the record indicates a new attorney entered his appearance for defendant on November 3, 1954, and thereafter on November 22, 1954, defendant filed "Defendant's Motion to Set Aside Order Allowing Plaintiff Suit Money and Attorney's Fees and Costs". This motion to set aside referred to an "order made and entered on November 5, 1954, in said cause allowing plaintiff alimony pendente lite in the sum of $15 per week; the sum of $100 as and for attorney's fees and $25 costs". Since the record does not disclose any order entered on November 5, 1954, we assume that defendant in his motion intended to refer to the Court's order of October 1, 1954.

On March 18, 1955, defendant's "motion to set aside order" was heard and on the same day the Circuit Court overruled said motion.

On March 24, 1955, defendant filed his notice of appeal to this court wherein he states that he appeals from the final order and judgment "overruling defendant's motion to set aside final order made on October 1, 1954, allowing alimony pendente lite".

Subsequently said defendant's appeal was duly argued and submitted to this court.

Then on June 23, 1955, plaintiff filed her motion for support and expense money for said appeal to this court, which motion was heard by the Circuit Court on June 29, 1955, and on said same date the Circuit Court sus-

tained said plaintiff's motion and allowed her $150 as expenses to perfect the appeal.

On July 6, 1955, defendant filed his notice of appeal to this court from the order of the Circuit Court of June 29, 1955, sustaining plaintiff's motion for expenses for appeal.

This matter is thus before this court on the two appeals which have been consolidated and will be disposed of in this opinion.

We will first consider defendant's attack on the judgment and order of the Circuit Court entered on October 1, 1954, allowing plaintiff alimony pendente lite.

Section 452.070 RSMo 1949, V.A.M.S., authorizes the court to decree alimony pending the suit for divorce in all cases where the same would be just. The Supreme Court in State ex rel. Gercke v. Seddon, 93 Mo. 520, 6 S.W. 342, 343, established the law in this state on alimony pendente lite as follows:

> "The power of the court to order and enforce an allowance for alimony pendente lite, though an adjunct of the action of divorce, is an independent proceeding, standing upon its own merits, and in no way dependent upon the merits of the issues in the divorce suit, or in any way affected by the final decree upon those merits. It grows, ex necessitate rei, out of the relations between the parties to the controversy, and has nothing to do with the merits of the controversy. The order making such allowance in this case was a final and definite order, disposing of the merits of that proceeding in the circuit court, and the relator was entitled to make his appeal."

It has also been determined by the Supreme Court that the Civil Code, Section 512.050 RSMo 1949, V.A.M.S., prescribes the time and manner of taking appeals in divorce proceedings. State ex rel. Fawkes v. Bland, 357 Mo. 634, 210 S.W.2d 31, 37

(12). Section 512.050 RSMo 1949, V.A. M.S., provides that no appeal shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment or order appealed from becomes final. A judgment does not become final, if a timely motion for a new trial is filed, until disposition of the motion. Section 510.340 RSMo 1949, V.A.M.S. A motion for a new trial must be filed not later than ten days after the entry of the judgment. Section 510.340 RSMo 1949, V.A.M.S.

In the present appeal the judgment allowing alimony pendente lite was entered on October 1, 1954. No motion for a new trial having been filed within the prescribed ten-day period, said judgment became final, for the purpose of ascertaining the time within which an appeal may be taken, at the expiration of thirty days after the entry of such judgment on October 1, 1954. 42 V.A.M.S. Supreme Court Rules, rule 3.24. Since the notice of appeal was not filed until March 24, 1955, substantially beyond the period after the judgment became final, defendant's appeal from the order of October 1, 1954, must be dismissed.

Nor can defendant's motion "to set aside order", even if construed as a motion for a new trial, help defendant since it was filed on November 22, 1954, which was of course more than ten days after the entry of the judgment on October 1, 1954. Such an untimely motion amounts to no more than a suggestion to the court that it set aside the judgment of its own motion during the period it retains jurisdiction for that purpose. Howard v. Howard, 239 Mo. App. 728, 197 S.W.2d 100, 101. The court retains such jurisdiction for thirty days after the entry of the judgment. Section 510.-370 RSMo 1949, V.A.M.S., Supreme Court Rule 3.25. Since the judgment was entered on October 1, 1954, and defendant's motion was not filed until November 22, 1954, the court had lost jurisdiction to act thereon. State ex rel. Iannicola v. Flynn, 239 Mo. App. 721, 196 S.W.2d 438, 441.

We will now consider defendant's appeal from the order of the trial court entered on June 28, 1955, allowing plaintiff expense money for this appeal.

Although defendant filed no motion for a new trial upon such order as he ordinarily should have done so that any errors committed against him might be preserved for appellate review, Crooks v. Crooks, Mo.App., 197 S.W.2d 689, 690, yet it appears that defendant at the hearing on said motion was attempting to question the jurisdiction of the court over the subject matter, and he, accordingly, comes within the exception provided by Supreme Court Rule 3.23, and was not required to present that matter to the trial court in a motion for a new trial in order to preserve that particular alleged error for appellate review.

Defendant at the hearing on plaintiff's motion for allowance of expenses for appeal made an abortive attempt to show that plaintiff had not established the necessary residence in Missouri to give the court jurisdiction over the divorce proceedings. Defendant produced no evidence of his own on this question and only attempted to cross-examine plaintiff on this point. This question of jurisdiction is of course always present and cannot be waived. It is substantially similar to the requirement in divorce proceedings that a valid marriage must exist before a court can allow alimony pendente lite. It has been held that there must be a prima facie case in support of a valid marriage since this is a jurisdictional requirement. Franklin v. Franklin, Mo.Sup., 283 S.W.2d 483; Hill v. Hill, Mo.App., 236 S.W.2d 394; Gregg v. Gregg, Mo.App., 272 S.W.2d 855, 856. However, in Ascher v. Ascher, 202 Mo.App. 622, 216 S.W. 576, loc. cit. 578, this court held that "Notwithstanding the fact that the matter offered by the defendant in defense might make out a prima facie case against the wife, going to the validity of the marriage of the parties, yet the wife was entitled to be heard in court, to be allowed the assistance of coun-

sel and a reasonable counsel fee as well as alimony pendente lite in such sum as the court might deem proper." See also Franklin v. Franklin, supra. And in Brinker v. Brinker, 360 Mo. 212, 227 S.W.2d 724, 727 (6) (7) (8), the Supreme Court had this to say concerning alimony pendente lite: "When a wife institutes an action of divorce and is without means to employ counsel, she is entitled to a reasonable allowance for attorney fees. Section 1519, supra, provides, 'the court may decree alimony pending suit for divorce in all cases where the same would be just,' that is, where the wife is without means to prosecute the action and of necessity relies upon the husband to furnish the means. Arnold v. Arnold, Mo.Sup., 222 S.W. 996. The amount of the allowance should be sufficient to prosecute the action, in an efficient manner, to a final hearing. Due regard should always be had to the character of the case, the legal services necessarily to be performed and the expense to be incurred, and such other circumstances which may tend to lessen or increase the expense of the litigation. Other than to ascertain if the action has been instituted in good faith, the court does not consider the merits of the case. Arnold v. Arnold, supra; State ex rel. Gercke v. Seddon, 93 Mo. 520, 6 S.W. 342; Burtrum v. Burtrum, Mo.App., 210 S.W.2d 364; 17 Am. Jur. Divorce and Separation, § 564, pp. 448–449." See also Franklin v. Franklin, supra.

Under all the circumstances, this plaintiff should not be denied her expenses on this appeal merely because the defendant asserts that plaintiff cannot establish the requisite domicile to give the court jurisdiction. The only attempt by defendant to establish his contention, as far as this appeal is concerned, was at the hearing on plaintiff's motion for costs of appeal, and although it is true the defendant was not permitted to continue his cross-examination of plaintiff on the question of plaintiff's residence, yet he made no attempt to testify himself on this point or offer any other evidence thereon, if indeed his cross-examination of plaintiff may be construed as evi-

dence of any kind on the question of plaintiff's domicile. Unless the defendant proves the facts by which he challenges the jurisdiction of the court, or unless such failure of jurisdiction appears from plaintiff's pleadings or evidence, which is not the situation here, plaintiff is entitled to her expenses on appeal.

■ It should be noted that the disposition of these appeals does not in any way foreclose the defendant in his effort to attempt to prove that the trial court is without jurisdiction over the subject matter. Section 509.340 RSMo 1949, V.A.M.S.

It is, therefore, ordered that

1. The appeal from the order of October 1, 1954, allowing plaintiff alimony pendente lite, be and it is hereby dismissed, and

2. The order of June 29, 1955, allowing plaintiff expenses on appeal is affirmed.

ANDERSON, P. J., and MATTHES, J., concur.