**Carol Williams TEACHENOR,
Plaintiff-Appellant,**

v.

**Mark Eugene DePRIEST and Marvin
Benjamin Berry,
Defendants-Respondents.**

**No. 11340.**

Missouri Court of Appeals,
Southern District,
Division Three.

April 28, 1980.

Motion for Rehearing or to Transfer to
Supreme Court Denied May 23, 1980.

Ronald L. Little, Little, Million, Terando, Clarkson & Associates, Poplar Bluff, for plaintiff-appellant.

W. Robert Cope, Summers, Cope & Walsh, Edward F. Friedewald, Friedewald & Chadwick, Poplar Bluff, for defendants-respondents.

GREENE, Judge.

Plaintiff Carol Williams Teachenor sued defendants Mark Eugene DePriest and Marvin Benjamin Berry to recover money damages for personal injuries allegedly caused by defendants' negligence. The trial court, at the close of plaintiff's case, directed a verdict for Berry. The jury returned a verdict for DePriest.

On April 1, 1977, plaintiff was a passenger in an automobile driven by her brother, defendant Berry. Berry was traveling north on Highway 67, a four lane highway, in Poplar Bluff, Missouri. Defendant DePriest was the driver of a pickup truck that was also traveling north ahead of Berry on Highway 67. The automobiles collided at the intersection of Highway 67 and the driveway of Scott's Cafe. DePriest was

attempting a right turn when the Berry automobile struck the right rear section of DePriest's pickup, resulting in personal injuries to plaintiff that required hospitalization.

Plaintiff raises two points of error on appeal, which are that the trial court erred in 1) sustaining Berry's motion for a directed verdict, as there was sufficient evidence to make a submissible case that Berry was negligent, and 2) sustaining an objection to plaintiff's reading portions of DePriest's deposition to the jury and rejecting an offer of proof as to statements made in the deposition.

## WAS THERE SUFFICIENT EVIDENCE TO MAKE A SUBMISSIBLE CASE AGAINST BERRY?

In her claim against Berry, plaintiff alleged that he a) failed to keep a proper lookout for the DePriest truck, b) drove his automobile at an excessive rate of speed, and c) negligently rearended DePriest.

Plaintiff's evidence was conflicting as to in which lane DePriest was traveling immediately prior to the collision. Plaintiff said that DePriest made his right turn from the inside, or improper lane, after two lane changes. DePriest said he made his turn from the outside lane, and that he did not change lanes. Berry, in conflicting testimony, first said DePriest went from the inside lane to the outside lane, and then back to the inside, and later said he went from "outside to the inside back to the outside." Berry said that he had been following DePriest for three or four blocks. Plaintiff's evidence was also conflicting as to whether DePriest's right turn signal was on prior to his turn. DePriest said that it was, Berry said that it was not, and plaintiff said she didn't see it. DePriest said that he was driving north on Highway 67, that he wanted to make a right turn into Scott's Cafe, and that he was in the outside lane. He said that he put his right turn signal on approximately 150 feet south of the point of his turn, that he made his turn from the outside lane, that his truck was struck from the rear by the Berry vehicle, and that his

turn light indicator was still blinking after the accident. Plaintiff rested her case after the testimony of DePriest. At that time, a motion for directed verdict for defendant Berry was sustained.

A motion for directed verdict for a defendant should only be granted when no issues of fact remain for the jury to decide. *Shephard v. Hunter*, 508 S.W.2d 234, 237 (Mo.App.1974). The sustaining of such a motion, at the close of plaintiff's evidence, is a drastic action which should only be done when *all* of the plaintiff's evidence, and the reasonable inferences to be drawn therefrom, are so strongly against plaintiff that there is no room for reasonable minds to differ. *McCarthy v. Wulff*, 452 S.W.2d 164, 168 (Mo.1970); *Boyle v. Colonial Life Ins. Co. of America*, 525 S.W.2d 811, 814 (Mo. App.1975). Such is not the case here. Plaintiff was entitled to that part of each defendant's testimony that aided her in making a case against either or both of the co-defendants. *Taylor v. St. Louis Public Service Co.*, 382 S.W.2d 411, 415 (Mo.App. 1964).

The testimony of DePriest that he made his right turn from the proper lane, and that his right turn signal was on for at least 150 feet before he made his turn, was sufficient to make a submissible case against Berry. The trial court committed reversible error in sustaining Berry's motion for a directed verdict at the close of plaintiff's evidence.

## DePRIEST'S DEPOSITION

Prior to the appearance of DePriest on the witness stand, plaintiff's attorney requested permission to read certain portions of his deposition to the jury. The court granted the request. DePriest was then called to the stand by plaintiff. Plaintiff's questioning was limited to establishing that, as DePriest made his turn, his turn signal was on and that it had been on for about 150 feet. On cross-examination, he said that his car did not go into the center lane and that he did not see the Berry vehicle before it struck his pickup. Plain-

tiff then offered portions of DePriest's deposition as admissions against interest. Objections were made by the attorneys for Berry and DePriest that plaintiff was trying to impeach her own witness, and also that plaintiff had the opportunity to examine DePriest on the stand on the points in question and, that by failing to do so, plaintiff forfeited the right to read the portions of the deposition in question. The objections were sustained. Plaintiff then made an offer of proof to the effect that DePriest had said on deposition that his truck had rear view mirrors on it, that he glanced in his rear view mirror before he turned and saw no one and, that after the accident, debris was scattered in the north bound lanes. The statements made by DePriest in his deposition could have been considered by the jury on the issue of whether DePriest had been in the inside or outside lane and also whether he kept a proper lookout to the rear before starting his turn.

Rule 57.07(a)(2), V.A.M.R. states that "the deposition of a party . . . may be used by an adverse party for any purpose." The fact that DePriest was called as a witness by plaintiff did not affect the admissibility of portions of his deposition as admissions against interest. In order for a statement of a party to be competent as an admission against interest, it is not necessary that it be a direct admission of the ultimate facts in issue, but it may be competent if it bears on the issue incidentally or circumstantially. Furthermore, "statement made in a deposition relevant to the issues, may be admitted against the deponent as admissions against interest in the same or another action to which he is a party, even though he is present in court and able to testify, or has testified." *White v. Burkeybile*, 386 S.W.2d 418, 422–423 (Mo. 1965). Refusal to permit the reading of the portions of DePriest's deposition offered as admissions against interest was prejudicial error. *Wilt v. Moody*, 254 S.W.2d 15, 18 (Mo.1953).

The judgment of the circuit court directing a verdict for defendant Berry and affirming a verdict for defendant DePriest is reversed and the cause is remanded for trial on all issues against both defendants.

All concur.