Warren A. BRUCKER, Appellant,

v.

Dorothy M. BRUCKER, Respondent.

No. 42698.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 30, 1980.

William R. Dorsey, Clayton, for appellant.

Timothy V. Barnhart, Nelson B. Rich, St. Louis, for respondent.

REINHARD, Judge.

Warren A. Brucker (hereinafter referred to as "husband") appeals from a circuit court order which awarded Dorothy M. Brucker (hereinafter referred to as "wife") a total of $1,132.00 in attorney's fees, costs and expenses for appeal. Wife filed a motion to modify decree of dissolution on June 15, 1979. The circuit court overruled this motion on October 8, 1979, and overruled wife's motion for new trial on November 30, 1979. On December 7, 1979, wife filed a notice of appeal from the trial court's overruling her motion to modify. Wife filed the transcript for appeal on January 28, 1980, and three days later filed the motion for attorney's fees pendente lite for appeal which is the subject of this appeal. Husband moved to dismiss wife's motion on the ground that the circuit court lacked jurisdiction to hear the matter since the 30-day period within which that court may amend or set aside its judgment pursuant to Missouri Supreme Court Rule 75.01 had lapsed. At the hearing on these motions, the parties stipulated to their financial situations and to the reasonableness of the requested attorney's fees and costs. On February 26, 1980, the circuit court overruled husband's motion to dismiss and sustained wife's motion for attorney's fees pendente lite for appeal. Husband appeals from this court order.

The sole issue on appeal is whether the circuit court had jurisdiction to make an order for attorney's fees pendente lite for appeal more than 30 days after the court's final order overruling the motion to modify. We find that the court had jurisdiction to enter the order and therefore affirm.

The issues presented here have not been directly decided by an appellate court since the enactment of the new dissolution act in 1974. Under the previous divorce act, the trial court had jurisdiction to allow attorney's fees pendente lite on appeal after the appeal was taken. The old act provided: "the court may decree alimony pending the suit for divorce in all cases where the same would be just . . . ." § 452.070, RSMo 1969. "Alimony," as used in this section, included "allowances for support of wife, suit money and attorney's fees." *Hogsett v. Hogsett*, 409 S.W.2d 232, 234 (Mo.App.1966). The language "pending suit for divorce" was interpreted as meaning, among other things, pending the disposition of the appeal. *Carrow v. Carrow*, 294 S.W.2d 595, 599 (Mo.App.1956). Therefore, courts consistently interpreted the above quoted language of § 452.070 of the old divorce act as providing for jurisdiction in the circuit court to determine alimony pendente lite

and suit money for appeal even though the appeal had been taken, *State ex rel. Kranke v. Calhoun,* 232 S.W. 1038, 1039 (Mo. banc 1921), "at any time between the filing of the notice of appeal and final adjudication." *Nelson v. Nelson,* 516 S.W.2d 574, 582 (Mo. App.1974). *Accord, Cascio v. Cascio,* 485 S.W.2d 857, 861 (Mo.App.1972).

The new act provides in part:

The court *from time to time* after considering all relevant factors including the financial resources of both parties may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under sections 452.300 to 452.415 and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or *after entry of judgment.*

Section 452.355, RSMo 1978 (emphasis added). The judicial interpretation of the circuit court's jurisdiction under the previous divorce act's provision for alimony "pending the suit" is readily applicable to the present act's provision for an award "from time to time" of fees and costs incurred "after entry of judgment." We find that the circuit court has jurisdiction to make an award for attorney's fees pendente lite and costs for appeal after a party files an appeal.

Petitioner argues that pursuant to Rule 75.01 (1980), a trial court cannot make an award of attorney's fees pendente lite and costs for appeal after the judgment is final. Missouri Supreme Court Rule 75.01 provides in part that the trial court retains jurisdiction over its judgment for a 30-day period within which it may "vacate, reopen, correct, amend or modify its judgment for good cause." This rule, with almost identical language, was in effect when the cases discussed earlier interpreted the previous divorce act provisions. *See, e. g.,* Rule 3.25 (1949). This same language did not prevent a finding that the circuit court had jurisdiction to make an award on a motion for alimony pendente lite and suit money for appeal even after a party filed an appeal. *Carrow v. Carrow,* 294 S.W.2d 595, 599 (Mo. App.1956). The *Carrow* court reasoned that

the order of allowance was not "an amendment or modification" but rather a separate and distinct matter from which an appeal would lie. Likewise, we find Rule 75.01 to have no applicability here.

We have interpreted § 452.355, RSMo 1978, in the most logical and reasonable manner. To limit the jurisdiction of the trial court as suggested by the husband would effectively prevent any non–appealing party the benefit of collecting attorney's fees for appeal. The non–appealing party may not know that the appellant plans to appeal until the notice of appeal is filed. In a court–tried case, a motion for new trial is not required. Rule 73.01(1)(c). An appealing party can wait until judgment becomes final and then, within ten days, file a notice of appeal. Rule 81.04(a). In this situation, the non–appealing party would not realize until after the judgment had become final that attorney's fees for appeal would be necessary. By using the husband's faulty reasoning, only the appellant would be able to obtain attorney's fees under § 452.355, RSMo 1978. This theory defies logic and fails to withstand judicial scrutiny.

Judgment affirmed.

DOWD, P. J., and CRIST, J., concur.