**Miriam T. POTTER (Formerly Desloge), Petitioner-Respondent,**

v.

**Bernard F. DESLOGE, Respondent-Appellant.**

No. 43836.

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 8, 1981.

Harold B. Bamburg and Kenneth J. Heinz, Bamburg & Heinz, St. Louis, for respondent-appellant.

Bernard A. Barken and David L. Baylard, Shifrin, Treiman, Barken, Dempsey & Ulrich, St. Louis, for petitioner-respondent.

SNYDER, Judge.

Respondent-appellant, Bernard F. Desloge, appeals from a judgment granting petitioner-respondent's Miriam T. Desloge Potter's, motion for attorney fees.[1] Petitioner moved for attorney fees to defend against respondent's motion to modify. The trial court dismissed respondent's motion to modify without mentioning attorney fees after which petitioner filed a second motion for attorney fees which the court granted in the amount of $12,500. The judgment is reversed and remanded.

Respondent raises two points on appeal. First he says the trial court erred in granting petitioner's second motion for attorney fees because the court's failure to grant attorney fees in the judgment dismissing respondent's motion to modify was res judicata on the issue of attorney fees. Second, respondent charges the trial court abused its discretion in awarding attorney fees because petitioner lost on the merits of the appeal of the dismissal of respondent's motion to modify and because petitioner was financially able to pay her own attorney fees.

On April 8, 1977 the marriage of petitioner and respondent was dissolved.

On February 19, 1980 respondent filed an amended motion to modify the decree to terminate maintenance.

On March 14, 1980 petitioner filed a motion for attorney fees to defend respondent's motion to modify and to litigate her own motion to increase child support. She subsequently withdrew her motion to modify without prejudice.

On June 27, 1980, the court dismissed respondent's amended motion to modify.

---

1. The parties shall be referred to throughout the opinion as they were referred to in the original dissolution action, Mr. Desloge as respondent and Mrs. Potter as petitioner.

The trial court's ruling granted costs to petitioner, but did not grant attorney fees.[2]

On July 8, 1980 petitioner filed another motion for attorney fees to pay for the original defense of respondent's amended motion and for attorney fees on appeal.

On December 29, 1980 the trial court, after a hearing on the motion, granted petitioner $12,500 in attorney fees.

The trial court heard evidence on the cost of litigating both the motions to modify and the appeal, and on the relative financial strengths of both parties. The court heard evidence that petitioner's current husband, T. Randolph Potter, supported her by paying her household expenses. The court refused to admit evidence of Mr. Potter's financial position. Respondent appealed from the $12,500 award.

■ Respondent first asserts the June 27, 1980 judgment was res judicata on the issue of attorney fees for petitioner's defense of the motion to modify. The point is well taken and requires reversal.

Respondent filed his amended motion to modify on February 19, 1980. Petitioner filed her motion for attorney fees, costs and expenses on March 14, 1980. When the trial court ruled on respondent's motion to modify on June 27, 1980 it had before it petitioner's motion for attorney fees, costs and expenses. The trial court's judgment ordered respondent to pay the costs but said nothing about attorney fees or other expenses.

■ Under the doctrine of res judicata a judgment between two parties is conclusive as to all issues of fact before the court whether or not a particular issue was actually considered. *Stickle v. Link*, 511 S.W.2d 848, 855 (Mo.1974); *Smith v. Preis*, 396 S.W.2d 636, 640[4–7] (Mo.1965); *State ex rel. Ward v. Stubbs*, 374 S.W.2d 40, 47[4, 5] (Mo.1964); 46 Am.Jur.2d Judgments § 419 (1969). The trial court's failure to grant attorney fees in its June 27, 1980 judgment constituted a denial of petitioner's motion

for attorney fees for trial level expenses. The grant of costs was not a grant of attorney fees. *Wilkinson v. Wilkinson*, 546 S.W.2d 737, 738[2, 3] (Mo.App.1977).

The judgment became final when petitioner failed to appeal it. Or, if petitioner's July 8 motion for attorney fees is considered a motion to amend the June 27, 1980 judgment, the judgment became final 90 days after July 8, on October 6, 1980, when the trial court had failed to rule on the second motion. Rule 78.06. The parties were bound by this judgment. The trial court, therefore, erred in granting petitioner's July 8, 1980 motion for attorney fees as it applied to attorney fees for services in the original trial.

Petitioner argues that motions for attorney fees are independent actions under the dissolution of marriage act, §§ 452.075–452.550, RSMo 1978, that they are not interlocutory and incidental to the primary action. Therefore, she says the trial court's ruling on respondent's amended motion to modify in which it failed to grant attorney fees was not res judicata on the attorney fees issue. Not so.

The relevant section of the dissolution of marriage act reads as follows:

"The Court *from time to time* after considering all relevant factors including the financial resources of both parties may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under sections 452.300 to 452.415 and for attorney's fees, including sums for legal services rendered and costs incurred prior to commencement of the proceeding or after entry of judgment . . . ."

§ 452.355, RSMo 1978 [Emphasis added].

Under prior law, courts granted attorney fees and suit money as alimony pendente lite. The old act authorized courts to grant alimony "pending the suit for divorce." § 452.070, RSMo 1969. Under this section motions for attorney fees were not indepen-

---

2. This court subsequently reversed the trial court and upheld respondent's motion on the merits. *Desloge v. Desloge*, 617 S.W.2d 486 (Mo.App.1981). No appeal was taken from the failure to grant attorney fees.

dent actions, but interlocutory and incidental to the divorce proceeding or subsequent ancillary proceedings. *Burton v. Burton*, 472 S.W.2d 620, 622–623[3, 4] (Mo.App. 1971); *Hogsett v. Hogsett*, 409 S.W.2d 232, 235 (Mo.App.1966); *Schenberg v. Schenberg*, 307 S.W.2d 697, 700[2] (Mo.App.1957). The new act contains authorization for granting awards of attorney fees and suit money separate and distinct from awards of alimony, maintenance, or support. § 452.-355, RSMo 1978; *Dyche v. Dyche*, 570 S.W.2d 293, 296 (Mo. banc 1978).

■ Petitioner says that the separation of attorney fees from maintenance in the statute, and the language of § 452.355, RSMo 1978 that authorizes courts to grant attorney fees "from time to time", changed motions for attorney fees into independent actions. This court does not agree. The purpose of separating attorney fees from alimony was not to elevate motions for attorney fees to the level of independent actions such as motions to modify. The purpose was to allow attorney fees in situations where maintenance was not granted. *Dyche v. Dyche, supra.* See *Holmes v. Holmes*, 527 S.W.2d 684, 690[9] (Mo.App. 1975); *Smethers v. Smethers*, 263 S.W.2d 60, 62[6] (Mo.App.1953) (suit money and attorney fees not granted under prior law when decree of alimony was void). There is no indication the legislature needed to or did make a motion for attorney fees an independent action in order to achieve its purpose of allowing attorney fees where maintenance is not granted. *Dyche v. Dyche, supra.*

■ The language "from time to time" does not authorize separate actions for attorney fees. This court in *Brucker v. Brucker*, 607 S.W.2d 444 (Mo.App.1980) determined that the prior interpretations of the old language "pending the suit" were applicable to the new "from time to time" language. The new language, therefore, does not change the procedural posture of the motion from a motion incidental to the pending proceeding to an independent action.

Petitioner cites *Dyche v. Dyche*, 570 S.W.2d 293 (Mo. banc 1978) and *Hallums v. Hallums*, 585 S.W.2d 226 (Mo.App.1979) to support his claim that motions for attorney fees are now independent actions. These cases, however, merely hold that awards of attorney fees are now distinct from alimony, maintenance, or child support. *Dyche v. Dyche, supra* at 296[3–4]; *Hallums v. Hallums, supra* at 228–229[4]. The cases do not address the issue of whether independent actions for attorney fees may be maintained.

Petitioner cites *Brucker v. Brucker, supra*, for the proposition that such motions may be filed even after entry of judgment. *Brucker* holds that a motion for attorney fees to cover the costs of an appeal may be made after the appeal is filed. *Brucker* does not discuss whether motions for attorney fees are independent actions. Indeed, the *Brucker* court reached its conclusion by applying the interpretation of the prior statute. *Brucker* clearly does not stand for the proposition that motions for attorney fees are independent actions.

Therefore, petitioner's first motion for attorney fees was properly before the trial court when it ruled on respondent's amended motion to modify. The trial court failed to grant attorney fees. It follows that the issue of attorney fees for the trial of the motion to modify had been adjudicated.

■ The June 27, 1980 judgment, however, was not res judicata on the issue of attorney fees for the appeal. An appeal is a distinct stage in the proceeding for which attorney fees may be granted. *Brucker v. Brucker, supra.* The denial of attorney fees for the trial is not controlling. It is conceivable that the trial court would grant attorney fees for the appeal and not for the trial. It was within the court's discretion to do so. Therefore, the cause is remanded with instructions to limit consideration of petitioner's motion to attorney fees and expenses on appeal.

In respondent's second point, he asserts the trial court erred in sustaining the objection to the admission of evidence of Mr. Potter's wealth. This point will be ruled on

because the issue may arise again on remand.

█ The trial court should consider all relevant factors when making awards of attorney fees. § 452.355, RSMo 1978. *Kieffer v. Kieffer*, 590 S.W.2d 915 (Mo. banc 1979). Respondent asserts that Mr. Potter's financial position, since he is petitioner's current husband, is relevant. Respondent cites no authority for this position.

█ Respondent claims Mr. Potter is legally obligated to support petitioner. However, attorney fees hardly fall into the category of support. The issue of petitioner's motion is whether one party should pay the other's attorney fees. The relevant factors should, therefore, be limited to information concerning the parties. Petitioner's marriage to Mr. Potter and Mr. Potter's support of petitioner may be relevant. An examination of Mr. Potter's financial situation, though, is not. Mr. Potter is not a party, and he is not liable for petitioner's attorney fees. The trial court properly excluded this evidence.

The judgment is reversed and the cause remanded.

REINHARD, P. J., and CRIST, J., concur.