Richard KAVNER, Plaintiff-Respondent,

v.

Paul AKERS, et al.,
Defendants-Appellants.

No. 45355.

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 22, 1983.

Clyde E. Craig, St. Louis, for defendants-appellants.

Rosecan & Kimbrell, Mortimer A. Rosecan, Alan G. Kimbrell, St. Louis, for plaintiff-respondent.

DOWD, Chief Judge.

Defendants' appeal from a judgment entered in favor of the plaintiff on Counts I and II of his petition in a suit for breach of deferred compensation and delayed retirement agreements. Defendants also appeal from the court's verdict in favor of the plaintiff on defendants' counterclaim that plaintiff had also breached the agreements.

Pursuant to both agreements entered into by Richard Kavner (hereinafter plaintiff) and representatives of Teamsters Local Union 688 (hereinafter defendants), the local was obligated to pay plaintiff upon his retirement $220.00 monthly for a period of months equal to the number of months plaintiff was employed after August 1, 1967. The agreements also obligated the local to pay the plaintiff $500.00 a month from the date of his retirement until December 31, 1987. Both agreements required the plaintiff to make himself available to the union as a consultant and prohibited him from working as a consultant for any union with interests adverse to Local 688. Plaintiff was further prohibited from acting on behalf of any company with which Local 688 had a collective bargaining agreement.[1]

After his retirement, plaintiff acted as consultant for Wholesale-Retail Department Store Employees Union Local 102. He was also a consultant for Labor Management Services, Inc. (LMSI) and performed in numerous capacities for Local 688. Subsequent to this, defendants discontinued plaintiff's pension benefits under the agreements claiming he had submitted a false retirement date on his pension application thereby perpetrating a fraud and breaching his fiduciary duty to Local 688.

1. The first Deferred Compensation Agreement consisted of wage increases due to the plaintiff. The supplementary Deferred Compensation and Delayed Retirement Agreement consisted of a stipulated sum payable monthly due to plaintiff's delayed retirement.

In an action tried in Federal District Court, plaintiff sued to recover these benefits. Defendants alleged as previously stated, that plaintiff breached the agreements by perpetrating a fraud on the union in his pension application. The court specifically found that plaintiff's monthly pension benefits should be eliminated. *Saffo v. Occidental Life Insurance Company,* 602 F.2d 1265 (8th Cir.1978). In the instant case, defendants claimed they discontinued plaintiff's deferred compensation not only because his actions as a consultant for Local 102 were in breach of the agreements since Local 102's interest were adverse to those of the union, but also because he had failed to retire according to the agreement. Finally, defendants claimed they were entitled to discontinue plaintiff's payments since LMSI, for which plaintiff worked and a company known as Labor Management Consultants (LMC) which had a collective bargaining agreement with Local 688, were commonly owned and that both companies effectively operated as one. The court found in favor of the plaintiff holding he did not breach the agreements by rendering services to Local 102 or LMSI. It also found that plaintiff did not commit a fraud on the union in his pension application or by his service after January 1, 1972. The court noted the determination in *Saffo* did not constitute collateral estoppel. Finally, having found that plaintiff did not breach the agreements, the court found for plaintiff on defendants' counterclaim.

Defendants make four allegations of error. Specifically, defendants contend (1) the trial court erred in not applying the doctrines of collateral estoppel and res judicata, (2) the trial court erred in not granting defendants' motion for a directed verdict since plaintiffs had failed to make a submissible case, (3) the judgment on Counts I and III is against the weight of the evidence and (4) the judgment on their counterclaim is against the weight of the evidence and is not supported by substantial evidence.

As this is a court tried case, we note the judgment will not be set aside unless it is against the weight of the evidence, it is not supported by substantial evidence, or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

In their first point, defendants assert that due to the holding in *Saffo,* plaintiff is prohibited under the principles of res judicata and collateral estoppel from relitigating the question of whether he committed a fraud in his pension application and that the trial court erroneously applied the law in not so finding. We disagree.

■ Inasmuch as the doctrine of res judicata precludes the same parties or their privies from relitigating the same cause of action, it is not applicable in this case. *Griffith v. Hammer,* 595 S.W.2d 292, 294 (Mo.App.1979). The subject matter of the previous case was the termination of the plaintiff's pension benefits whereas the subject matter of the cause before this court is the termination of two deferred compensation agreements.

■ We also find inapplicable to this case the doctrine of collateral estoppel which precludes the same parties or their privies from relitigating issues previously decided. *Potter v. Desloge,* 625 S.W.2d 927, 929 (Mo. App.1981). Plaintiff's alleged fraud on the pension plan was at issue in the previous litigation. The court, however, also determined that plaintiff had suffered an unauthorized break in service and then ordered plaintiff's pension benefits eliminated. *Saffo v. Occidental Life Insurance Company,* 602 F.2d at 1279. The issue therefore is whether a finding of fraud was necessary to the court's ruling. *Haynes v. Hawkeye Security Insurance Co.,* 579 S.W.2d 693, 696 (Mo.App.1979). As stated, the court determined plaintiff's pension benefits should be eliminated because of his break in service and not because he had claimed excessive years of service. Furthermore, the court totally eliminated plaintiff's pension benefits while only reducing Gibbon's [2] monthly

**2.** Gibbons was also a plaintiff in the previous Federal Court action but is not involved in the present case.

benefits because of his decrease in years of credited service. If the court had only found plaintiff had claimed an excessive number of years of credited service, it would have reduced plaintiff's benefits instead of eliminating them. Arguably, the break in service was the finding necessary to eliminate plaintiff's pension benefits. As a result, the "finding" of fraud, as to plaintiff, was unnecessary and added nothing to the judgment. Accordingly, the trial court did not erroneously apply the law in refusing to apply the doctrines of collateral estoppel and res judicata. Defendants' first point is denied.

In their second point, defendants contend their motion for a directed verdict should have been granted because plaintiff failed to make a submissible case. The issue therefore, is whether the evidence showed that plaintiff breached the agreements by defrauding the union, acting as a consultant for Local 102 and LMSI, and fraudulently pretending to retire. The granting of a directed verdict at the close of plaintiff's evidence is a drastic measure and should only be done when all of plaintiff's evidence and reasonable inferences to be drawn therefrom are so strongly against plaintiff that there is no room for reasonable minds to differ. *Teachenor v. DePriest*, 600 S.W.2d 122, 124 (Mo.App.1980). Such is not the case here.

■ First, we have already determined that the trial court was not bound by the previous decision in *Saffo*. As such, we believe there was sufficient evidence in the record, when considered in the light most favorable to plaintiff, on which the trial court could have based its decision that plaintiff did not perpetrate a fraud on the. union. Specifically, there was evidence that it was the custom and policy of the Teamsters to grant service credit to officers of a local which had merged with the Teamsters. In light of this policy, it was reasonable for plaintiff to believe there was nothing false about his pension application. There was also evidence defendants knew for a number of years that plaintiff was claiming credit for the time spent with his previous union. We do not see how defendants can now claim they were defrauded.

■ Furthermore, there was substantial evidence that Local 102 was not in conflict with or adverse to Local 688. The record reveals that at one point all of the officers of Local 102 were also officers or full-time staff members of Local 688. Moreover, Local 102 was run from Local 688's offices and Harold Gibbons, the secretary-treasurer of Local 688, testified that in his opinion Local 102 was not "adverse to" or "in conflict with" Local 688. In fact, it appears Local 102 was formulated by 688 to create a separate local for marginal shops until such time as their employers were able to afford the Local 688 package of benefits.

■ Secondly, defendants argue the evidence reveals that plaintiff breached the agreements by providing his services to LMC through LMSI. We disagree. Clearly, plaintiff agreed not to engage in any activity as a labor consultant for any company with whom Local 688 had a collective bargaining agreement. There is also no dispute that plaintiff acted as a consultant for LMSI. Therefore, defendants contend that since the business affairs of LMSI and a company known as Labor Management Consultants (LMC) were so intermingled that they effectively operated as one company and since LMC had a collective bargaining agreement with Local 688, plaintiff was in breach of the agreements. While all of LMSI and LMC's stock was commonly owned, both corporations were separate legal entities. LMSI had an insurance broker's license and functioned in that capacity. LMC, pursuant to several written agreements, administered various welfare funds for Local 688. Defendants presented no evidence of fraud or improper purpose which would persuade us to consider LMSI and LMC as one company. Since plaintiff worked for LMSI, which had no collective bargaining agreement with Local 688, we find there was substantial evidence to sup-

port the trial court's denial of defendants' motion.

■ Finally, defendants argue plaintiff committed a fraud on the union and was therefore in violation of the agreements because he pretended to retire. There is a great amount of evidence that plaintiff performed services for Local 688 after his retirement. However, we cannot see how defendants can complain of this when the agreements they are claiming were breached clearly called for plaintiff to remain available as a consultant to Local 688. The evidence reflects plaintiff represented the union at programs and political activities, approved bills, dealt with contract classifications, and other functions. Accordingly, we believe the trial court's judgment was supported by substantial evidence and defendants' motion for a directed verdict was properly denied. The services performed were of a nature that could have been required of a "consultant" under the agreements.

■ In their third and fourth points, defendants contend the trial court's judgment in favor of the plaintiff on Counts I and III of the petition and on defendants' counterclaim that plaintiff breached the agreements, was against the weight of the evidence and was not supported by substantial evidence. The record reveals a great deal of contradictory evidence on all material issues. As a result, we defer to the trial court's ability to judge the credibility of the witnesses and we will only set aside the judgment if we have a firm belief that it is wrong. *Murphy v. Carron,* 536 S.W.2d at 32.

We have already determined that Local 102's interests were not adverse to those of Local 688's, and that LMSI and LMC were separate legal entities. As a result, plaintiff's employment with LMSI, which had no collective bargaining agreement with Local 688, was not in violation of the agreements. We have further determined that the trial court was not bound by the finding in *Saffo* and was free to make a determination that plaintiff had not defrauded the union, and finally that plaintiff did not "pretend to retire" but in fact did retire and performed services in keeping with the condition he remain available as a consultant to Local 688. Accordingly, there was substantial evidence to support the finding on Counts I and III that plaintiff did not breach the agreements in question. Since defendants' counterclaim was also based on plaintiff's breach of the agreements and having found plaintiff did not breach said agreements, we conclude the court's finding was not against the weight of the evidence and was supported by substantial evidence.

The judgment is affirmed in all respects.

SNYDER, P.J., and GAERTNER, J., concur.