**STATE ex rel. Frank K. CARLSON, Relator,**

v.

**Hon. Joseph R. AUBUCHON, Respondent.**

No. 48307.

Missouri Court of Appeals, Eastern District, Division Five.

April 17, 1984.

Louis County or any county wherein venue is statutorily authorized.

Melvin G. Franke, Union, for relator.

Charles Clifford Schwartz, Clayton, for respondent.

SMITH, Presiding Judge.

Relator seeks through mandamus to require respondent to reinstate a judgment for attorney's fees in relator's favor made by another judge in an order pendente lite.

Relator was the attorney for the wife in a dissolution of marriage action. The wife filed a request for temporary maintenance, child custody, child support and attorney's fees pendente lite. Following a hearing the trial court, Judge Voss, made such awards. The Court specifically found as to the attorney's fees:

"Petitioner has, as of March 2, 1983, incurred in maintaining this cause attorney fees in the amount of Nine Thousand Four Hundred Eighty-Six Dollars ($9486.00) and costs in the amount of Three Hundred Seven Dollars and Seventy Cents ($307.70), which costs have been advanced by Petitioner's counsel; Respondent does not controvert the amount or reasonableness of said attorney fees and costs and the Court finds the same to be reasonable; . . . ."

In its order the court provided:

"The respondent is further ordered to pay the sum of Nine Thousand Seven Hundred Ninety-three Dollars ($9793.00) for attorney fees and costs incurred by the Petitioner in maintaining this cause, and Respondent is ordered to pay that sum directly to Petitioner's Attorney, Frank K. Carlson, of Union, Missouri, who is hereby granted separate judgment (sic) for same and who may enforce order and judgment (sic) in his name . . . ."

This order was entered on March 24, 1983. No post-order motions directed against it were filed and no appeal was taken from it. In April the wife obtained new counsel. On May 6, 1983, Judge Voss disqualified himself on his own motion. Trial of the dissolution action was held in August before respondent and the Court's decree was entered August 19, 1983. That decree contained the following:

"(H) The Court takes note that on March 24, 1983, the Honorable Ralph Voss entered a 'Temporary Injunction and Order Pendente Lite,' which ordered Respondent to pay attorney's fees to Mr. Frank Carlson in the amount of nine thousand, seven hundred and ninety-three dollars ($9793.00), plus costs of three hundred and seven dollars and seventy cents ($307.70). Respondent is ordered to pay the costs. However, the court notes that at trial Petitioner conceded that the fees for her previous counsel's service were

excessive.[1] Since this order was for her benefit, the order for attorney's fees pendente lite is therefore vacated. All previous preliminary orders and injunctions in this cause are hereby dissolved."

Relator was afforded no opportunity to testify or be heard on this vacation of the judgment for attorney's fees. On September 19, 1983, relator filed a motion to vacate, set aside or amend the judgment. That motion was denied on September 22. Relator then filed executions and garnishments which were quashed on the court's own motion and the circuit clerk was ordered to issue no further executions or garnishments for relator. Relator's motion to disqualify respondent was also denied. Relator's petition for a writ of mandamus followed. It seeks a series of orders.

We need deal with only one issue: the jurisdiction of the trial court to vacate the judgment of Judge Voss for attorney's fees to Mr. Carlson. That question in turn must be resolved by a determination of the finality of Judge Voss' order. The status of the finality of pendente lite awards under the present dissolution statute was addressed in *In re the Marriage of Deatherage*, 595 S.W.2d 36 (Mo.App.1980). There the court recognized that under the law as it existed prior to the dissolution statute an order for alimony pendente lite, "although an adjunct of the action of divorce, is an independent proceeding, standing upon its own merits, and in no way dependent upon the merits of the issues in the divorce suit, or in any way affected by the final decree upon those merits." [1–4]. *See Bradley v. Bradley*, 295 S.W.2d 592 (Mo.App.1956) l.c. 595. Attorney's fees to prosecute the action were a legitimate part of the pendente lite award under the prior law. *Bradley v. Bradley, supra.* [11, 12].

◼ The court in *Deatherage* then addressed the finality of such orders under the present law. It concluded that "[b]y the inter-relation of § 452.315 and § 452.-370, it appears to have been the intent of the legislature to cause the orders authorized by § 452.315 to be final, except for

changed conditions." Such a conclusion was found to be mandated to prevent a trial court from being deluged with a series of pendente lite motions. Failure to appeal from pendente lite orders confers finality upon them. *Richardson v. Richardson*, 524 S.W.2d 149 (Mo.App.1975) [12, 13]; *Nilges v. Nilges*, 610 S.W.2d 58 (Mo.App. 1980) [12, 13]. The statute specifically provides that the provisions of any decree respecting maintenance or support may be modified only as to prospective installments and only upon a showing of changed circumstances. Sec. 452.370 RSMo 1978.

The dissolution statute provides in a separate section for the award of attorney's fees. Sec. 452.355 RSMo 1978 authorizes the court from "time to time" to order a party to pay a reasonable amount for the cost to the other party for maintaining or defending the dissolution action. The award of those fees may be made directly to the attorney who has the authority to enforce the order in his or her own name. In *Dyche v. Dyche*, 570 S.W.2d 293 (Mo. banc 1978) [3, 4] the court held that the provisions of Sec. 452.355 obviated the requirements of the old law allowing an award of such fees only as an incident to an award of alimony or support. Such fees may be awarded without regard to whether maintenance or child support is sought or granted. In *Potter v. Desloge*, 625 S.W.2d 927 (Mo.App.1981) we rejected the concept that motions for attorney's fees were "independent actions." That case arose in a posture where the trial court denied attorney's fees in ruling on the motion to modify but awarded such fees on a separate motion afterwards. The court's ruling awarding such fees was made after the trial court had lost jurisdiction of the motion to modify. After holding the original ruling was res judicata we then denied petitioner's contention that the award could be upheld as part of an independent action. We do not interpret our finding in *Potter v. Desloge* as reaching the question of the finality of a pendente lite award of such fees made

---

**1.** This concession was the result of a question     addressed to the wife by the Court.

while the trial court still has jurisdiction over the dissolution proceeding. The term "independent action" as used in *Potter v. Desloge* is not synonomous with "independent proceeding" used to describe pendente lite motions which are filed while the action to which they are ancillary is still pending.

■ In *Brucker v. Brucker*, 607 S.W.2d 444 (Mo.App.1980) we treated the present statutory language authorizing an award of attorney's fees "from time to time" as equivalent to the prior divorce statute's language "pending the suit." From the authorities heretofore discussed, we arrive at the conclusion that a motion for attorney's fees pendente lite, while no longer dependent on an award of maintenance or child support, is comparable to such awards made under the prior law and carries a comparable finality.

■ We must, however, recognize one additional aspect of awards of attorney's fees which differentiates them from maintenance or support awards. The statutory language of Sec. 452.355 does not expressly limit an award made to fees earned as of the date of the award. It is not an uncommon practice to make such awards "on account" on the basis of estimated or anticipated legal work required. In such a case the award is not a final determination of the amount earned at any particular time because of the prospect that more or less work will ultimately be required. If such an award were made directly to the lawyer, as authorized by Sec. 452.355, it would carry the potential danger that the lawyer may not continue to represent the client and would not be entitled to the unearned portion of the award. We must presume that trial courts are aware of this possibility and that an award made directly to the attorney will represent only the fee earned as of the date of the award. In this case it is clear from the record that the fee awarded was a fee earned prior to the order for the trial court expressly so stated.

■ The order before us contains all the indicia of finality. It fully disposes of the issue of fees earned by Mr. Carlson through the date of the application for fees and arises in an independent and ancillary proceeding traditionally viewed as yielding a final judgment. The present statute by providing for the award directly to the attorney further evidences the intended finality of that decision in its authorization of an award to one not a party to the action and enforceable by that non-party. We find the award here was final thirty days after its entry and when no appeal was thereafter taken it became final for all purposes. Respondent lacked the jurisdiction to thereafter change the award.

■ Respondent challenges the standing of relator to bring this writ. Under the prior law an award of attorney's fee was for the benefit of and was awarded directly to the client. The lawyer lacked standing to seek the fee directly or enforce such an award if made. *Schechter v. Fitzsimmons Industries, Inc.*, 627 S.W.2d 89 (Mo.App. 1981); *Anderson v. Anderson*, 404 S.W.2d 206 (Mo.App.1966); *Howard v. Howard*, 300 S.W.2d 853 (Mo.App.1957). Sec. 452.355 has changed that concept and now authorizes an award directly to the attorney. The procedure required under the statute was followed here. *Schechter v. Fitzsimmons Industries Inc., supra.* To state that an attorney who has received an award of fees in his own name and has the statutory right to enforce that award lacks standing to protect that award is a non sequitur.

The alternative Writ of Mandamus is made peremptory and respondent is directed to strike from the decree of dissolution of August 19, 1983, in Cause Number CV183–15DR, all of paragraph (H) except the last sentence thereof and is further directed to set aside in entirety its order of November 10, 1983 quashing relator's executions and garnishments.

SATZ and CRANDALL, JJ., concur.