**Virginia F. MASON, Petitioner–Appellant,**

v.

**John W. MASON, Respondent–Respondent.**

No. 67437.

Missouri Court of Appeals,
Eastern District,
Division One.

July 25, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 8, 1995.

Jack F. Allen, Clayton, for petitioner-appellant.

Eric C. Hensic, Ballwin, Nelson B. Rich, Rochelle Ann Kaskowitz, St. Louis, for respondent-respondent.

GARY M. GAERTNER, Judge.

Appellant, Virginia F. Mason ("wife"), appeals from an order of the Circuit Court of the County of St. Louis dismissing her attorney's motion for additional award of attor-

ney's fees and expenses for work done on a prior appeal. We affirm.

This matter has a lengthy procedural history. The relevant events are as follows:

November 7, 1983—petition for dissolution was filed.

July 24, 1985—decree of legal separation was entered.

June 28, 1991—husband filed motion to modify decree of legal separation.

August 30, 1991—husband filed first amended motion to modify decree.

September 20, 1991—wife filed answer to first amended motion to modify, requesting attorney's fees.

January 21, 1993—court order sustaining husband's first amended motion to modify decree; decree of legal separation converted to decree of dissolution.

March 26, 1993—notice of appeal filed.

April 5, 1994—decision of appellate court issued, affirming in part and reversing in part; cause remanded for determination of "total amount of child support, if any, that [husband] is obligated to pay to [wife]."

May 10, 1994—mandate received by St. Louis County Circuit Court from Missouri Court of Appeals.

July 8, 1994—wife's attorney files motion for additional award of attorney's fees and expenses.[1]

July 21, 1994—settlement conference notice filed by wife's attorney, indicating one issue to be addressed at conference July 8th was motion for additional award of attorney's fees and expenses.

August 26, 1994—pursuant to wife's request, attorney for wife files notice of withdrawal, and in the same document indicates intent to pursue his previously filed motion for fees.

August 26, 1994—settlement conference held; at the request of husband, and with the concurrence of wife, as indicated in a letter to her attorney, the court dismissed the motion to modify as remanded by the Court of Appeals because the parties settled the outstanding issues between themselves; costs were assessed against husband.

August 26, 1994—also on this date, wife's attorney filed notice his motion for additional award of attorney's fees and expenses to be set for hearing on October 18, 1994.

October 18, 1994—matter continued to December 12, 1994.

December 12, 1994—court sustains husband's motion to dismiss motion for additional attorney's fees and expenses.

December 14, 1994—notice of appeal filed.

On appeal, wife contends the trial court erred in dismissing the motion for additional attorney's fees. Our review in court-tried cases is governed by the oft-cited principles of *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The action of the trial court will be sustained "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law."

The August 26th order stated in pertinent part:

At the request of [husband], and with the concurrence [sic] of [wife] as contained in her letter dated July 20, 1994 and instructions to her attorney which state: "When I talked to you on July 12, 1994 I stated that I wanted to drop the complaint against John W. Mason. I am putting it is [sic] writing so you will have it for your records"; **Motion to Modify as remanded by the Court of Appeals is dismissed** as the parties have settled between themselves all outstanding issues. Costs are assessed against [husband].

(emphasis in original).

In *Potter v. Desloge*, 625 S.W.2d 927 (Mo. App.E.D.1981), the trial court dismissed husband's motion to modify the divorce decree, granting costs to wife, but without mentioning wife's pending motion for attorney's fees to defend against the motion to modify. Wife filed a second motion for attorney's fees which the court granted. On appeal, this Court reversed that portion of the decision and determined that because the motion for

---

1. The motion requested fees to cover the legal    work associated with the appeal and the remand.

attorney's fees was before the court at the time it ruled on husband's motion, the court's order was res judicata on the issue of attorney's fees for the motion to modify. *Id.* at 929.

■ We recognize the court's judgment in *Potter* was not found to be res judicata on the issue of attorney's fees for an appeal which was pending at the time the court ruled on the second motion for attorney's fees. This court identified that "[a]n appeal is a distinct stage in the proceeding for which attorney fees may be granted." *Potter,* 625 S.W.2d at 930. However, this does not aid wife here. The trial court has exclusive jurisdiction over a motion for attorney's fees relating to an appeal at any time between the filing of the notice of appeal and final adjudication. *Nelson v. Nelson,* 516 S.W.2d 574, 582 (Mo.App.St.L.D.1974). Here, the court's August 26th order disposed of all issues between the parties, thus serving as a final adjudication. Because a motion for attorney's fees cannot be maintained as an independent action, *Potter,* 625 S.W.2d at 930; *Flach v. Flach,* 645 S.W.2d 718, 722 (Mo.App. E.D.1982), the trial court properly dismissed the motion.

Accordingly, we find the August 26th order of the trial court is res judicata on the issue of attorney's fees. The order of the trial court dismissing the motion for additional attorney's fees is affirmed.

REINHARD, P.J., and CRAHAN, J., concur.